[Sac. No. 4595. In Bank.—February 9, 1933.]

W. E. MILLER, Respondent, v. LIZZIE McKENZIE, Appellant.

E. Hendrickson, C. H. S. Bidwell and P. H. Johnson for Appellant.

Fred P. Tuttle, Jr., J. M. McMahon, Evan J. Hughes and Albert D. Smith for Respondent.

WASTE, C. J.—Defendant McKenzie appeals from a decree quieting plaintiff's title to certain real property. Plaintiff claims through a deed issued by the duly appointed trustee in bankruptcy of the Fred Blinman Company, which company was adjudicated a bankrupt upon its voluntary petition. The property was sold to plaintiff "free and clear" of liens and encumbrances. That a bankruptcy court, upon due notice to creditors, whose liens will be affected thereby, may so dispose of property of a bankrupt is well established. (*In re Union Trust Co.*, 122 Fed. 937, 939; *McRaney* v. *Riley*, 128 Miss. 665 [91 South. 399, 400–402, 22 A. L. R. 685]; Id., 260 U. S. 727 [43 Sup. Ct. Rep. 90, 67 L. Ed. 484]; 2 Remington on Bankruptcy, secs. 1965, 1980.) Appellant, a judgment lienor of the bankrupt, contends that she was not given due or proper notice of the proposed sale and that respondent therefore took title subject to her lien. This assault upon the bankruptcy proceeding, coming as a defense to a quiet title action, is collateral in character and must therefore fail unless the asserted invalidity or want of jurisdiction is apparent upon an examination of the record in that proceeding. (*City of Salinas* v. *Lee*, *ante*, p. 252 [18 Pac. (2d) 335]; *Gray* v. *Hall*, 203 Cal. 306, 313 [265 Pac. 246]; 1 Freeman on Judgments, 5th ed., secs. 305, 399.) Such portions of the bankruptcy record as are now before us fail to disclose any such defect. Upon the trial of the present cause the appellant stipulated to the filing of the petition in bankruptcy and to the due appointment of the trustee through whom respondent derived title. In supplement thereof, and in order to establish his unencumbered title to the property, respondent introduced in evidence certified copies of the trustee's return of sale, the petition for and confirmation of such sale, and the trustee's deed. Each of these several documents indicates that the property was sold to respondent "free and clear" of all encumbrances. Appellant failed upon the trial of the cause

to overcome the *prima facie* case thus made out by the respondent. The defense consisted solely of appellant's testimony covering certain matters neither competent nor sufficient upon collateral attack, to show any invalidity in the bankruptcy proceeding through which respondent derived an unencumbered title to the property here involved.

Moreover, upon collateral attack all presumptions will be indulged in favor of the validity of the bankruptcy proceeding and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it. (*Canadian etc. Trust Co.* v. *Clarita Land & Inv. Co.*, 140 Cal. 672, 674 [74 Pac. 301].) The order confirming sale declares that the property was sold to respondent "free and clear of all encumbrances . . . and that said sale *was in all respects regular and in accordance with said order of court*". In view of this jurisdictional recital it will be presumed upon collateral attack that due and proper notice of sale was given to lienholders and other creditors. (*City of Salinas* v. *Lee, supra; Sacramento Bank* v. *Montgomery,* 146 Cal. 745, 750–754 [81 Pac. 138].)

However, disregarding the collateral character of the attack upon the bankruptcy proceeding, and considering appellant's contentions solely on their merit, we are still of the view that judgment was properly entered quieting respondent's title. We cannot agree with the contention that appellant received no due or proper notice of the proposed sale of the bankrupt's property. When on the stand in the court below appellant admitted having attended a meeting in the referee's office at which the property was offered for sale "free and clear" of encumbrances. Appellant testified that she attended such meeting in response to written notice given by the referee to all creditors of the bankrupt in substantially the following form: "W. A. Brandenburger, as trustee of the estate of said bankrupt, having filed herein his petition for an order of sale, *free and clear of liens and encumbrances,* of all that certain real property [describing same], You Are Hereby Notified that [at a designated time and place] I will hear the said petition to sell said property free and clear of liens and encumbrances or subject to liens or encumbrances, as may seem meet and proper, and for the best interest of the said bankrupt, and

you may appear and show cause, if any you have, why such action should not be taken.''

It is appellant's position that the foregoing notice, being in the nature of an order to show cause, was insufficient to authorize a sale of the property, free and clear of her judgment lien. The point is without merit. There is no established form for such a notice. An ''order to show cause'' why a certain act should not be done, or a certain course pursued, is the regular and approved method of giving notice of contemplated action to parties to proceedings in bankruptcy. (*Kuntz* v. *Young,* 131 Fed. 719, 722.) It is the most appropriate form of notice in the marshaling of liens and the sale of land. (2 Remington on Bankruptcy, sec. 1982.)

Nor was it essential that the notice of sale single out appellant's lien and specifically declare that the sale was to be made ''free and clear'' of such lien. Appellant's authorities do not require a notice in such form. As phrased, the notice here given was sufficiently comprehensive to cover all liens and encumbrances against the property, including appellant's.

The asserted failure of the order confirming sale to provide for a transfer of appellant's lien to the proceeds of the sale, assuming the necessity for such a provision, worked no hardship on the appellant for the reason that the proceeds of the sale were insufficient to pay off and discharge two liens admittedly prior in time and superior in right to the appellant's lien.

In conclusion, it should be added that the evidence now before us clearly shows that at no time during the meeting in the referee's office, at which meeting appellant was personally present and at which the property was offered for sale ''free and clear'' of liens and encumbrances, did the appellant urge any objection to a sale in that form. Having been duly notified that the sale was to be ''free and clear'' of encumbrances, and thus having been afforded due opportunity to protect her interests, but having failed to take any steps in the bankruptcy proceeding to forestall or preclude such sale, it is now too late for the appellant, upon collateral attack, to successfully challenge the validity thereof.

We have examined the authorities cited by appellant. They contain nothing opposed to the conclusion herein reached.

For the foregoing reasons the judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Thompson, J., concurred.