**In the Matter of William Albert BOURLAND, Bankrupt.**

**No. 21349.**

United States District Court
E. D. Virginia,
at Norfolk.

Sept. 6, 1963.

■■■■■■■■■■

———◆———

Lee Kelberg, Norfolk, Va., for Crown Discount Corp.

W. E. Kyle, Norfolk, Va., referee in bankruptcy.

David R. Levin, Portsmouth, Va., for trustee in bankruptcy.

MICHIE, District Judge.

William Albert Bourland was duly adjudged a bankrupt and David R. Levin was appointed his trustee in bankruptcy. Among the assets of the bankrupt was a 1957 Oldsmobile convertible upon which Crown Discount Corporation held a lien in the sum of $928.80 secured by deed of trust. On May 6, 1963 the Referee in Bankruptcy sent to all creditors, including Crown Discount Corporation, an order to show cause at 11:00 a. m. on May 16, 1963 "why the tangible and intangible assets of the bankrupt should not be sold free and clear of lien at public auction or private sale as may be deemed most advantageous to the estate". A copy of this order was mailed to all creditors including Crown Discount Corporation. No creditor appeared on May 16, 1963 or any other date to show cause against such sale or sales and no petition for the abandonment of the automobile by the Trustee to the secured creditor was filed on the 16th day of May or on or before May 28, 1963. On the latter date a written petition to sell the automobile was filed by the Trustee and the Trustee was ordered to sell the automobile and did so for $250.00 which was 100 percent of its appraised value. The sale was thereupon confirmed by the Referee on the same date.

On June 7, 1963 Crown Discount Corporation filed a petition for review stating that it had "attempted" on May 28, 1963 to file a petition for the abandonment of the automobile and that the order of sale was erroneous because of the recorded lien that Crown Discount Corporation held.

Upon the hearing of the petition for review, the principal argument of Crown Discount Corporation was that the sale was improper because Crown Discount Corporation had not been advised of the terms of the sale in advance of the confirmation of the sale. Petitioner's counsel also *argued* that he had attempted to file a petition to have the Trustee abandon the automobile to it on May 28, 1963, the date of the sale. But there is in fact no allegation in the Petition for Review that the attempt to file the petition occurred before the sale had been confirmed though counsel for the Petitioners so stated during the argument. The Referee's Findings of Fact, however, are to the effect that not only was no petition filed on that date but no attempt to file a petition was made on that date although the Referee was in his office the morning of the 28th, leaving for Newport News around noon.

In view of the Referee's Findings of Fact, it seems to me that the only question that deserves any serious attention is the contention that the show cause order was not adequate and that before the automobile could be sold a show cause order or notice should have been issued stating the proposed terms of sale.

There is very little case law on this question. In the Matter of Park Distributors, Inc. (D.C.,S.D.,Cal.), 176 F. Supp. 38, the question of what kind of notice of sale must be given is discussed and in that case the notice was held to be inadequate. The Trustee contended that "at least ten days notice by mail" of a proposed sale had been given because in the "notice of first meeting of creditors" it had been stated, among other things, that "creditors may attend, prove their claims, appoint a trustee, * * * and transact such other business as may properly come before said meeting * * including petitions * * * by the trustee * * * to sell assets of the said bankrupt * * *"

The court said:

"(1, 2) The Bankruptcy Act has long required notice to creditors of 'every important step' in bankruptcy

proceedings. 3 Collier on Bankruptcy § 58.01 (14th ed. 1941). Insofar as notice of an intended sale of property of the bankrupt is concerned, the obvious purpose is to safeguard the interests of creditors against abuse or mismanagement in the form of collusive, fraudulent, or otherwise improvident sales at inadequate prices. Butler v. Ellis, 4 Cir., 1930, 45 F.2d 951, 956; In re Kyte, D.C.M.D.Pa.1911, 189 F. 531; 6 Remington on Bankruptcy § 2539 (5th ed. 1952). However, the Act fails to set forth just what constitutes a sufficient notice within the requirements of § 58, sub. a(4). 11 U.S.C.A. § 94, sub. a(4). Absent controlling language, the statute is of course to be construed to promote realization of the legislative objective. People of Puerto Rico v. Shell Co., Ltd., 1937, 302 U.S. 253, 257–259, 58 S.Ct. 167, 82 L.Ed. 235; Ozawa v. United States, 1922, 260 U.S. 178, 194, 43 S.Ct. 65, 67 L.Ed. 199.

"(3) Obviously the plain congressional purpose would be best promoted by construing § 58, sub. a(4) to require that every notice of intended sale of property of a bankrupt estate include unequivocal statements as to the property proposed to be sold, the time and place of sale, the appraised value, the actually offered or expected minimum sale price, and the names of prospective purchasers, if known. But practical considerations of time and cost in the administration of bankrupt estates counsel that the Act be not so construed as to impose unnecessary burdens of expense in contravention of the 'policy of economy' basic to bankruptcy administration. Callaghan v. Reconstruction Finance Corp., 1936, 297 U.S. 464, 56 S.Ct. 519, 80 L.Ed. 804; Realty Associates Securities Corp. v. O'Connor, 1935, 295 U.S. 295, 55 S.Ct. 663, 79 L.Ed. 1446,

and see 6 Remington on Bankruptcy, supra, § 2630; 3 Collier on Bankruptcy, supra, § 62.04 at 1424. These latter considerations must be placed in the balance, and they weigh heavily when it is recalled that in many cases the assets of a bankrupt estate are meager and the creditors many."

The Court went on to hold that the notice of the first meeting of creditors was not adequate as a notice of a proposed sale, though it contained a sort of catch all notice, and commented also on the fact that the sale in question took place some ten months after the notice had been given.

This is of course a far cry from a specific notice that consideration of the authorization of the sale of all of the assets free and clear of any liens would be given if objection was not received thereto by a certain date.

In 3 Collier on Bankruptcy p. 495 (Section 58.09) it is said:

"There is no particular form of notice prescribed by the Act or General Orders, and a written notice which takes the form of an order to show cause is sufficient",

quoting from Miller v. McKenzie, 217 Cal. 389, 19 P.2d 1, 29 Am.B.R.N.S. 284 as follows:

"It is appellant's position that the foregoing notice, being in the nature of an order to show cause, was insufficient to authorize a sale of the property, free and clear of her judgment lien. The point is without merit. There is no established form of such a notice. An 'order to show cause' why a certain act should not be done, or a certain course pursued, is the regular and approved method of giving notice of contemplated action to parties to proceedings in bankruptcy."

I conclude therefore that there is no merit in the petitioner's contentions.

An order will be entered accordingly.