**In the Matter of John William CLARK, Bankrupt.**

**No. 23335.**

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 31, 1966.

Bernard G. Barrow, Norfolk, Va., for General Electric Credit Corporation, petitioning creditor.

L. Charles Burlage, Norfolk, Va., for J. A. Motors, Inc.

Charles L. Marcus, Portsmouth, Va., trustee, for defendant.

## MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

General Electric Credit Corporation seeks a review of the order of the Referee in Bankruptcy entered on May 12, 1966, wherein the Credit Corporation was enjoined from proceeding in the state courts against a certain 1962 Liberty House Trailer, formerly owned by the bankrupt and subject to a valid recorded lien in favor of the Credit Corporation, which said House Trailer was sold by the trustee in bankruptcy to J. A. Motors, Incorporated, on October 1, 1965, for the sum of $1500.00 in cash.

The bankrupt was duly adjudicated as such on August 10, 1965. Among the creditors holding securities, the bankrupt listed "General Electric Credit Corp., 1405 Locus–, Philadelphia, Pa.", showing an indebtedness of $5600.00 and the value of the security being listed at $3500.00. On August 12, 1966, notices were mailed to all creditors advising them of a hearing on August 24, 1966, at 2:00 P.M., and directing all creditors to appear—

" * * * and show cause, if any they can, why the tangible and intangible asset of the bankrupt should not be sold free and clear of lien, at public auction or private sale, as may be deemed most advantageous to the estate.

"It is ORDERED that any creditor, or other person, claiming a lien upon, or interest in, and intending to assert a claim to possession of, any specific personal property, or other tangible or intangible asset of the bankrupt, do file his petition for abandonment or reclamation thereof, or other proper pleading, with relation thereto, on or before the 14th day of September, 1965.

"NOTICE IS FURTHER GIVEN that for good cause shown, the time for filing such petitions, and the time before the hearing as to such assets, or any of them, against which liens or adverse interests are claimed, may be shortened, or enlarged, or that any asset of the bankrupt may be sold, without notice, by order of the Court."

The credit manager of the Norfolk office of the Credit Corporation testified that the file in this matter was not sent to Norfolk from Philadelphia until the latter part of November or early December, 1965, at which time the file contained no notices relating to the bankruptcy proceedings. The file had been forwarded to the Norfolk credit manager after he had been informed by Walker Realty Trailer Company of the bankruptcy proceeding. There is no affirmative evidence that the notice from the bankruptcy court was not received in Philadelphia. The creditor's correct address was "1405 Locust Avenue", whereas the schedule listed same as "1405 Locus". No notices addressed to General Electric Credit Corporation were returned for improper address. The system employed by the bankruptcy court in sending notices is to check the envelopes with the names and addresses as listed in the schedule, and then double-checking by counting the envelopes against the number of creditors on the schedule.

In due time the House Trailer was appraised in the sum of $3000.00. The trustee made efforts to find a purchaser at a private sale for a price approximating the appraisal value of the asset, but without sucess. On October 1, 1965, the trustee recommended the acceptance of a private offer from J. A. Motors, Inc., in the sum of $1500.00. The trustee's petition made no mention of the lien and did not affirmatively request the acceptance of the offer as being free and clear of liens. The Referee's order of October 1, 1965, authorizing the acceptance of said offer makes no reference to the sale being free and clear of liens. However, counsel for the Credit Corporation concedes that the trustee and the pur-

chaser intended that the sale would be free and clear of liens, and he rejected an offer to remand the case for the purpose of inquiring as to the intention of the parties.

It was not until January 14, 1966, that General Electric Credit Corporation filed its claim in the bankruptcy proceeding. This claim has been allowed as "secured" and there is no controversey that the lien follows the purchase price. Nevertheless, the Credit Corporation is not satisfied with the amount realized at the trustee's private sale and, on January 3, 1966, filed an action against J. A. Motors, Incorporated, in the Court of Law and Chancery of the City of Norfolk, seeking the foreclosure of the lien and requesting the state court to order the House Trailer sold to satisfy the lien. On the petition of J. A. Motors, Incorporated, the Referee entered an order enjoining the Credit Corporation from proceeding further in the state court and this review follows.

Counsel for the Credit Corporation does not contest the authority of the Referee to issue the injunction against it under the provisions of § 2(a) (15) of the Act of Bankruptcy. His chief contention is that, assuming the mailing of the order to show cause and receipt of same in Philadelphia, the petition for sale as filed by the trustee and the order directing the acceptance of the offer did not, as a matter of record, state that the sale was free and clear of liens. When the Referee entered the injunction order on May 12, 1966, it specifically stated that the purchase was free and clear of liens and, as noted above, the Credit Corporation now concedes that this was the intent of the trustee, the purchaser, and the Referee.

■ The Referee has the same power to reconsider his own orders as that possessed by the District Judge, In re Pottasch Bros. Co., Inc., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182, and this is true where the order of sale does not truly represent the contract between the parties, In re Crosby Stores, 2 Cir., 65 F.2d 360. As stated in Hume v. Myers, 4 Cir., 242 F. 827, 829, a court of bankruptcy is always open to reconsider the merits of its own orders until there has been a distribution of the funds in controversy. Moreover, Rule 60(b) of the Federal Rules of Civil Procedure furnishes abundant authority to correct the omission in the order of October 1, 1965. It follows, therefore, that the general rule of law applicable to an order of sale making no mention of liens which, under normal circumstances, would constitute a sale subject to existing liens, is inapplicable.

■ The Credit Corporation also contends that the requirements of § 58(a) (4), 11 U.S.C. § 94(a) (4), were not met in that the Credit Corporation did not get ten days' notice by mail of "all proposed sales of property". Reliance is placed upon In the Matter of Park Distributors, Inc., S.D. Cal., 176 F.Supp. 38. That case deals essentially with the inadequacy of notice, in that the notice of first meeting of creditors stated, among other things, that business coming before the meeting could include "petitions * * by the trustee * * * to sell assets of the said bankrupt". The court properly held that such a notice was insufficient to authorize a sale without further notice.

The foregoing authority has been considered and discussed in an opinion by Judge Michie in a case arising in this court. In re Bourland, E.D. Va., 221 F.Supp. 157. There, as here, an order to show cause against the sale of assets, free and clear of liens, at public or private sale, was mailed to creditors. In referring to *Park Distributors*, Judge Michie said:

> "This is of course a far cry from a specific notice that consideration of the authorization of the sale of all of the assets free and clear of any liens would be given if objection was not received thereto by a certain date."

Judge Michie also quotes from Miller v. McKenzie, 217 Cal. 389, 19 P.2d 1, 29 Am.B.R. (N.S.) 284, pointing out that an "order to show cause" why a certain act should not be done, or a certain

**764**

course pursued, is the regular and approved method of giving notice of contemplated action to parties to proceedings in bankruptcy.

The necessity for prompt and efficient administration of bankruptcy estates compels a ruling upholding the use of an order to show cause in connection with proposed sales of assets. As in this case, the trustee is frequently called upon to take possession of a motor vehicle and store same, either for the benefit of a lien creditor or the general creditors. Sales must be promptly made to prevent deterioration in value of the asset.

Holding that J. A. Motors, Inc., acquired title to the House Trailer, free and clear of liens, at the time of the sale on October 1, 1965, the injunction against the Credit Corporation was properly issued.