John EDMOND, et al., Appellants,

v.

**UNITED STATES POSTAL SERVICE GENERAL COUNSEL, et al.,**
Appellees.

No. 90–5071.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 11, 1992.

Pamela Lyles, pro se, for appellants.

John Oliver Birch, Asst. U.S. Atty., for appellees U.S. Postal Service General Coun-

---

sel, et al. Jay B. Stephens, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief for the federal appellees. Mark E. Nagle, Asst. U.S. Atty., Washington, D.C., also entered an appearance for the federal appellees.

Ralph S. Tyler and Andrew H. Baida, Baltimore, Md., were on the brief for appellee Roger Wolf.

Before MIKVA, Chief Judge, WALD, EDWARDS, RUTH B. GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

### ORDER

PER CURIAM.

The Suggestion for Rehearing *En Banc* of appellee Popkin has been circulated to the full Court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing, it is

ORDERED, by the Court *en banc*, that the Suggestion is denied.

Separate opinion filed by Circuit Judge EDWARDS, concurring in the denial of rehearing *en banc*.

Separate opinion filed by Circuit Judge RUTH B. GINSBURG, concurring in the denial of rehearing *en banc*.

Separate opinion filed by Circuit Judge SILBERMAN, concurring in the denial of rehearing *en banc*.

EDWARDS, Circuit Judge, with whom RUTH B. GINSBURG, Circuit Judge, concurs, concurring in the denial of suggestion for rehearing *en banc*:

John Edmond and Pamela Lyles, the appellants in this case, sued Arnold Popkin, claiming that he was part of a wide-ranging conspiracy to violate their civil rights. In April, 1988, the District Court dismissed Popkin for lack of personal jurisdiction before any discovery had been taken. In April, 1989, appellants moved to rejoin Popkin and attached to this motion an affidavit by Dr. Joseph Serian. Serian claimed that he was telephoned by Popkin and that Popkin "repeatedly called Pamela Lyles and John Edmond 'thieving niggers,'" and "repeatedly stated that [Popkin was] determined to put Pamela Lyles and John Edmond behind bars." The District Court never ruled on the motion, and we held on appeal that this *failure* to rejoin Popkin was an abuse of discretion, given the specific and nonspeculative allegations in the Serian Affidavit. 949 F.2d at 425.

Appellee Popkin now argues that the April, 1989, motion was not served on him. The motion appears in the District Court record, but Popkin points to the whiting-out of his name as "proof" of this putative failure of service. However, the District Court never found that service had indeed failed. If Popkin had properly raised this issue in his appellate brief, the panel could have remanded for fact-finding. Yet, the issue was *not* properly raised, either by Popkin or any other party to this litigation. It would therefore wholly subvert the judicial process for this court to grant rehearing *en banc* based on a putative "fact" that never has been verified pursuant to any appropriate judicial determination.

The "Statement of Facts" in Popkin's brief to the panel asserted that the motion to rejoin him "was mailed only to counsel for the federal defendants." Brief of Appellee Arnold Popkin at 7. But this claim was not pursued in the "Argument" portion of the brief. It is the law of this circuit that a mere assertion of fact, in the introductory part of a brief, does not adequately raise a *legal* argument predicated on those facts. As we stated in *Rollins Environmental Services v. EPA*, 937 F.2d 649 (D.C.Cir.1991), if a litigant means to raise a particular claim in his brief as a basis for judgment on appeal, he is "obligated to say precisely that in [his] opening brief and to include an argument, with citations to authorities in [his] favor." *Id.* at 653 n. 2. We "do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties" before us. *Golden Pacific Bancorp v.*

*Clarke,* 837 F.2d 509, 513 (D.C.Cir.) (Silberman, J.) (internal quotation omitted) (justifying appellate waiver), *cert. denied,* 488 U.S. 890, 109 S.Ct. 223, 102 L.Ed.2d 213 (1988); *see also McBride v. Merrell Dow & Pharmaceuticals,* 800 F.2d 1208, 1211 (D.C.Cir.1986) (same).

The "Argument" section of Popkin's brief makes only one utterly obscure reference to the putative failure of service:

> The failure of Mr. Edmond and Ms. Lyles to file a Rule 60(b)(2) motion also precludes their reliance now on the affidavit submitted by Joseph S. Serian, in this appeal of the dismissal of the claims against Mr. Popkin. The Serian affidavit still did not establish the existence of a conspiracy that would support the exercise of jurisdiction over Mr. Popkin. In any event, the affidavit is not part of the record in connection with the plaintiffs' appeal of the District Court's April 6, 1988 and September 30, 1988 dismissal orders as to Mr. Popkin.

Brief of Appellee Arnold Popkin at 16 (citation to record omitted). This paragraph is located in the middle of Popkin's Rule 60 argument. The paragraph itself begins with that argument, and then evaluates the merits of the Serian Affidavit. Only in the last sentence does Popkin assert that "the affidavit is not part of the record," and this afterthought is at best crucially ambiguous and at worst totally beside the point. The sentence says only that the Serian Affidavit is putatively "not part of the record in connection with the plaintiffs' appeal of the District Court's April 6, 1988 and September 30, 1988 dismissal orders as to Mr. Popkin." But appellants were not merely challenging those two orders. They were also claiming that the District Court should have *issued* a third order rejoining Popkin after the Serian Affidavit was filed. And the last sentence of Popkin's quoted paragraph does *not* state that the Serian Affidavit was "not part of the record" in connection with the District Court's *failure* to rejoin Popkin.

The court's decision in *Rollins* makes it absolutely clear that, unless a legal argument is appropriately identified as such—appearing in a section of the brief devoted to that argument and not as an obscure or passing reference under an unrelated heading, with citations to authorities in its favor—the argument is waived. Popkin's alleged failure-of-service "argument" does not even come close to meeting the *Rollins* standard. An obscure reference at the end of a paragraph in the middle of another argument hardly prompted a panel hearing, let alone a rehearing. We cannot tell whether an "injustice" was done to Popkin, because we do not know whether the motion to rejoin was served on him. In any case, such purported "injustice" would be the ordinary consequence of appellate waiver.

RUTH B. GINSBURG, Circuit Judge, with whom EDWARDS, Circuit Judge, concurs, concurring in the denial of suggestion for rehearing en banc:

In the panel's endeavor to untangle skeins in this emotionally, but not elegantly, pleaded case, all three judges gave a telescoped view of an important circuit precedent, *Naartex Consulting Corp. v. Watt,* 722 F.2d 779 (D.C.Cir.1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). To assure that neither the court's opinion nor the concurring/dissenting statement is read as a modification of *Naartex,* I write to reiterate what the court faced, said, and held in that leading case.

Our court in *Naartex* did not confront, as we did here, a district court's flat denial of all discovery relevant to personal jurisdiction. The critical passage in *Naartex* reads:

> Naartex next asserts that the district court committed reversible error by denying permission to conduct *additional* discovery for the purpose of establishing personal jurisdiction.... The district court did not abuse its discretion when, as here, Naartex had "ample opportunity" to take discovery ... *and* the pleadings contained no allegations of specific facts that could establish the requisite contacts with the District....

*Naartex*, 722 F.2d at 788 (citations omitted; emphasis supplied). *Naartex*, a case in which "ample opportunity" for discovery had already been allowed, is not dispositive of the case before us, one in which no discovery was ever allowed. A request for *additional* discovery should not be confused with a plea for *initial* discovery.

The complaint in this case adequately, if inartfully, tied Popkin's conduct to that of his client, Spitz, and to the criminal investigations of Edmond and Lyles. *Cf. Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944). Enough was said to warrant threshold discovery. *See* Complaint para. 46 (alleging that Popkin, by letter, stated that the criminal investigations would be stopped if Edmond and Lyles dropped their suit against Spitz).[1] The Serian Affidavit on which the panel concentrated should not have led us to lose sight of the district court's first and fundamental error. The ruling on personal jurisdiction over Popkin was premature in the absence of any discovery; in keeping with *Naartex*, that ruling should have abided a fair opportunity for plaintiffs to pursue discovery keyed to the issue of personal jurisdiction. *See Crane v. Carr*, 814 F.2d 758 (D.C.Cir.1987); *Crane v. New York Zoological Society*, 894 F.2d 454 (D.C.Cir.1990) (later proceeding in same case). If the dismissal Popkin gained after successfully opposing *any* discovery was thus improper, that error warrants correction and renders moot the alleged post-dismissal "foul" on which Judge Silberman fastens.[2]

SILBERMAN, Circuit Judge, concurring in the denial of rehearing *en banc:*

The petitioner, appellee Arnold Popkin, is a victim of what might be thought "compassionate" judging. *See* Silberman, *The American Bar Association and Judicial Nominations,* 59 GEO.WASH.L.REV. 1092, 1095 (1991). The majority, in my view, bent the rules on behalf of a *pro se* litigant who, although a member of the Bar, presented a slipshod case in the district court and to this court on appeal. Litigation is a zero-sum game, and bending the rules to help one party inevitably hurts another.

The appellants alleged a far-ranging conspiracy on the part of various federal and state government officials; a businessman, Spitz; and his lawyer, Popkin. Over the course of several orders involving various defenses, the district court dismissed the case against all the appellees; we reversed as to all but one of them. I concurred with much of the majority's opinion (although I have a good deal of sympathy for the busy district judge's reluctance to spend the time necessary to understand the appellants' poorly presented case), but I dissented as to the majority's willingness to entertain new arguments on appeal to resurrect the case against the government appellees—and the majority's unsolicited advice on how the complaint might be amended on remand to make that case stronger. I also dissented as to the majority's conclusion that the district court abused its discretion in refusing to reconsider its dismissal of Popkin and Spitz for lack of personal jurisdiction without allowing any jurisdictional discovery. It is this conclusion that Popkin asks us to reconsider *en banc.*

As the majority explained it, our leading case, *Naartex*, holds that "where jurisdiction over nonresident defendants hinged on an alleged conspiracy, and where the allegations of conspiracy were conclusory, we upheld the [district court's] denial of discovery." Maj.Op. 949 F.2d at 425. The majority thought, however, that in this case an affidavit submitted by the appellants—the Serian Affidavit—set forth enough facts to "require jurisdictional dis-

---

1. The complaint contains no similar allegation regarding appellee Wolf.

2. I share Judge Silberman's view that enough must be alleged to warrant threshold discovery (baldly charging "conspiracy" will not do), and I am grateful to him for causing me to set out correctly what we confronted and held in *Naar-* *tex* and *Crane.* Finally, in making this explicit statement on the prematurity of the dismissal Popkin gained, I recall that "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600, 69 S.Ct. 290, 292, 93 L.Ed. 259 (1949) (Frankfurter, J., dissenting).

covery against Spitz and Popkin." *Id.* at 425. The difficulty with the majority's reasoning is that the Serian Affidavit was submitted to the district court more than a year *after* Spitz and Popkin were dismissed from the case, as an attachment to a motion that was never even served on them and that in any event requested the wrong relief. The majority opinion said nary a word about the propriety of the *initial* dismissal of Spitz and Popkin (when the record did not include the Affidavit), instead summarily concluding that "[a]lthough the affidavit was introduced subsequent to their dismissal, the district court had the authority to reverse its own interlocutory order [citations omitted], and its failure to do so was an abuse of discretion," *id.*—as if the existence of such authority *requires* its exercise. My dissent argued that both the original dismissal and the refusal to re-join were entirely appropriate. Dissent 949 F.2d at 429–430. The majority paid no heed.

Now, in response to Popkin's petition, my colleagues "reinterpret" their earlier opinion—without, however, rehearing the case. Judge Ginsburg's statement, implicitly conceding a hole in the majority's original reasoning, seeks to explain why the *initial dismissal* of Popkin was the district court's "first and fundamental error," although the majority opinion did not find that action to be error at all.

Judge Ginsburg would now read *Naartex* as forbidding district courts from denying discovery in conspiracy theory cases before some (though she does not say how much) "initial" discovery has been had. To be sure, that was the factual situation in *Naartex* itself: *Naartex* had apparently completed some (again we cannot tell how much) discovery. But there is no reason to limit *Naartex* to those facts: allowing district judges, exercising their usual broad discretion to control discovery, to pretermit discovery entirely when plaintiffs set forth

only bald allegations of conspiracy is in perfect accord with the cases relied on in *Naartex, see McLaughlin v. McPhail,* 707 F.2d 800, 807 (4th Cir.1983) (per curiam) (affirming denial of *any* discovery when allegations of conspiracy were insufficient) and *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87, 93–94 (2d Cir.1975) (same), as well as the policies that underlie our strict limitations on the "conspiracy theory" of personal jurisdiction, *see* Dissent 949 F.2d at 428–429. More important, this reading of *Naartex* is the law of this circuit, as demonstrated by the majority opinion, which affirmed the district court's dismissal of appellee Wolf *without allowing any jurisdictional discovery. See* Maj.Op. 949 F.2d at 427.

In any event, after arguing that the denial of all jurisdictional discovery constitutes *per se* error, Judge Ginsburg turns round and applies the standard that the majority opinion (and my dissent) employed to explain why the complaint's allegations as to Popkin were specific enough to require discovery while those pertaining to Wolf were not. Examining the (by now rather tattered) record once again, I still conclude that the allegations involving Popkin (much less the single one to which Judge Ginsburg points) are not enough to justify reversing the district court; they are indistinguishable in kind and import from the contentions respecting Wolf. *See, e.g.,* Complaint ¶¶ 10–11, 46.

Judge Edwards' statement takes a different tack to justify the majority's summary conclusion that the district court abused its discretion in failing to re-join Popkin. Judge Edwards now asserts that Popkin's appellate brief did not adequately raise, and therefore waived, one argument on which my dissent relied, that appellants' motion to re-join was never even served on Popkin.[1] My colleagues' position seems quite anomalous in light of their willingness to entertain arguments that the appel-

---

1. I also noted that even if the motion were construed as properly requesting the district court to reconsider its decision, appellants had provided no excuse for failing to obtain the Serian Affidavit earlier and thus had not even arguably made the convincing showing of abuse

of discretion required under *Segar v. Smith,* 738 F.2d 1249 (D.C.Cir.1984), which the majority agreed set the governing standard. *See* Dissent 949 F.2d at 429; Maj.Op. 949 F.2d at 425 n. 20. My colleagues did not then, and do not now, answer this argument.

lants did not make even to the district judge. *See* Dissent 949 F.2d at 430–433.

Indeed, I wish they had employed their strict reading of *Rollins* in their original opinion. Be that as it may, and with all due respect to my colleagues, the claim that Popkin failed to argue that we should not consider the Serian Affidavit in reviewing the district court's decisions is simply not so.

In the "Statement of Facts" section of his appellate brief, Popkin explained that

> On April 19, 1989 [over a year after Popkin and Spitz were dismissed], the plaintiffs moved to join Mr. Popkin and Mr. Spitz as persons "needed for just adjudication." One basis for this motion was an April 12, 1989 affidavit executed by a Joseph S. Serian. This affidavit had been attached as an exhibit to the plaintiffs' opposition to the federal defendants' motion for summary judgment.
>
> The [district] court apparently did not rule on the [joinder] motion. The Certificate of Service indicated that it was mailed only to counsel for the federal defendants. *Neither Mr. Popkin—nor his counsel—was made aware of the motion at the time it was filed.* The appellants now attempt to rely on aspects of this affidavit to buttress their allegations that a conspiracy existed and that Mr. Popkin was part of the conspiracy. *The Serian affidavit, however, is not part of the record as to the appeal of Judge Revercomb's orders concerning Mr. Popkin.*

Popkin Br. at 7 (emphasis added) (citations to record omitted). Later, in the "Argument" section of the brief, Popkin reiterated the point:

> The failure of Mr. Edmond and Ms. Lyles to file a Rule 60(b)(2) motion also precludes their reliance now on the affidavit submitted by Joseph S. Serian, in this appeal of the dismissal of the claims against Mr. Popkin. . . . *[T]he affidavit is not part of the record* in connection with the plaintiffs' appeal of the District

Court's April 6, 1988 and September 30, 1988 dismissal orders as to Mr. Popkin. *Id.* at 16 (emphasis added).

It was not necessary for Popkin to repeat the facts in the argument section; in the earlier passage he clearly explained several reasons why the Serian Affidavit was "not part of the record," and one of them was a failure of service. (Similarly, the allegation regarding Popkin on which Judge Ginsburg's statement relies is mentioned in the facts, but not the argument, portion of appellants' brief.) Nor was it necessary for Popkin to prove that appellants' motion was not in fact served on him; the burden of showing that service was made is on the serving party, *see Rivera v. M/T Fossarina,* 840 F.2d 152, 155 (1st Cir.1988), and the appellants made no effort to rebut Popkin's assertion, which is supported by the certificate of service that is in the record. And while Popkin did not, as Judge Edwards notes, cite any "authorities" for the proposition that a district judge cannot be thought to abuse his discretion when he refuses to reconsider the dismissal of a party based on a wrongly styled motion and accompanying affidavit *never served* on that party, neither did I in my dissent, because there are none—the proposition is self-evident. It cannot be that if Popkin had thrown in a few irrelevant citations (as appellants were wont to do, citing not a single case on which the majority's holdings as to Popkin relied), his argument would have been more "properly" presented.

As Judge Edwards observes, Popkin's failure-of-service argument was located in the midst of his principal argument, which was that the district court acted correctly because appellants' motion requested the wrong relief—Rule 19 re-joinder of Popkin as a "necessary party" rather than Rule 60(b) consideration of the Serian Affidavit as "new evidence." I thought that Popkin's main argument was probably correct, but preferred to decide the case on the narrower and easier ground of non-service. My colleagues have not and cannot justify ignoring *both* of Popkin's arguments.

**1404**

If Popkin actually made the racist remarks attributed to him in the Serian Affidavit, *see* Maj.Op. 949 F.2d at 418, it may well be that he is not entitled to "compassion," or even sympathy—but he still should have received fair treatment from the court.[2] Nevertheless, because the case is so tangled and presents highly unusual facts, I do not believe it meets the statutory test for *en banc* review.

2. Wolf is not accused of making racist comments.