**KAISER GROUP INTERNATIONAL, INC. and Kaiser Engineers, Inc.,** Appellants

v.

**The WORLD BANK,** Appellee.

**No. 10–7112.**

United States Court of Appeals, District of Columbia Circuit.

April 28, 2011.

Paul Blankenstein, Gibson, Dunn & Crutcher LLP, Washington, DC, for Appellants.

Griffith Lowell Green, Jeffrey Green, Sidley Austin LLP, Washington, DC, for Appellee.

Before: GINSBURG and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.*

### *JUDGMENT*

This appeal was considered on the record, the briefs, and the oral arguments of the parties. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the order of the district court is affirmed.

This case has a complicated procedural history, most of which is irrelevant to the narrow discovery issue before this court:

---

\* Senior Circuit Judge Williams heard oral argument in this case but did not participate in this judgment.

whether the World Bank ("the Bank") waived its immunity from discovery pursuant to 28 U.S.C. § 1782. Briefly, two foreign affiliates of Kaiser Group International (collectively, Kaiser) had agreed to build a steel mill for Nova Hut, a steel producer partially owned by the Czech Republic and later sold and renamed ArcelorMittal Ostrava. The construction project was financed by a loan from the International Finance Corporation ("the IFC"), a member of the World Bank Group. Kaiser International and certain of its subsidiaries later filed under Chapter 11 in the Bankruptcy Court of Delaware. Both the IFC and Nova Hut filed a proof of claim against Kaiser, demanding payment based on alleged non-performance of the contract by Kaiser.

In response to the IFC's proof of claim, Kaiser initiated an adversary proceeding against the IFC and Nova Hut in bankruptcy court. The IFC asserted immunity from Kaiser's contract claims, citing the International Organizations Immunity Act (IOIA), 22 U.S.C. § 288a(b). The bankruptcy court ruled the IFC had waived its immunity by filing a proof of claim—a ruling eventually affirmed by the Third Circuit after an intervening reversal. *In re Kaiser Group*, 399 F.3d 558 (2005). Nova Hut moved to compel arbitration and the district court granted the motion. On remand, the bankruptcy court expanded the ruling to compel arbitration between Kaiser and the IFC. In April 2006, pursuant to the court's order, Kaiser initiated arbitration proceedings against the IFC before the International Chamber of Commerce ("ICC") Court in Vienna, alleging, inter alia, tortious interference with Kaiser's contract with Nova Hut.

The action now before this court commenced in April 2010 when Kaiser filed a petition under 28 U.S.C. § 1782(a), which grants the district court jurisdiction for the limited purpose of compelling production of documents or testimony "for use in a proceeding in a foreign or international tribunal." Kaiser served the World Bank with subpoenas demanding information to aid its arbitration proceeding. The district court denied Kaiser's application, holding the IOIA protected the World Bank from judicial process, including discovery. The court rejected Kaiser's argument that the Bank had waived its immunity. The court granted the Bank's motion to quash the subpoenas and, effectively, the petition itself, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1782(a) (prohibiting exercise of jurisdiction to compel discovery from any person "in violation of any legally applicable privilege").

On appeal, Kaiser argues the Bank charter waived the Bank's immunity. Alternatively, Kaiser argues if the Bank did not waive its immunity expressly, it did so indirectly when the IFC, allegedly acting as the Bank's agent, waived its immunity in a related proceeding.

■ Initially we note Kaiser has never affirmatively alleged that the Bank's charter waived its immunity. Its argument in that regard rests on the rather dubious assertion that since the Bank raised the issue in its motion to quash and Kaiser responded to it, the issue has been preserved. We think not. Kaiser did not respond directly to the Bank's assertion that it did not waive its immunity through its charter. Kaiser responded only obliquely by saying the Bank's argument about absolute immunity was largely irrelevant in light of the clear third party waiver, noting specifically the Bank's "express [ ] waive[r][of] immunity by and through its agent, the IFC." (J.A. 606). We are not inclined to permit Kaiser to raise offensively in this proceeding an argument it defensively dismissed as irrelevant in a prior proceeding. Thus, we con-

clude Kaiser has forfeited any argument based upon the Bank's charter. *Cf. Edmond v. U.S. Postal Service General Counsel*, 953 F.2d 1398, 1400 (D.C.Cir. 1992) (Edwards, J., concurring in the denial of reh'g en banc) ("[U]nless a legal argument is appropriately identified as such—appearing ... not as an obscure or passing reference ...—the argument is waived.").

▮ Kaiser's claim that the IFC's waiver of immunity can be imputed to the World Bank under established agency principles raises a preliminary question: does the IOIA provide for waiver of immunity by implication? Arguably, the IOIA permits jurisdiction in a district court only when the organization has waived immunity expressly. *Atkinson v. Inter–American Development Bank*, 156 F.3d 1335, 1341–42. But we need not resolve that question to resolve this case. We can affirm the order of the district court on the ground that Kaiser's allegations, taken as true, do not show the IFC acted as an agent of the World Bank in the relevant transaction and, absent a factual determination of agency relationship, we lack subject-matter jurisdiction. *See Transamerica Leasing, Inc. v. La Republica de Venezuela*, 200 F.3d 843, 847–48 (D.C.2000); *Foremost–McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 446–47 (D.C.Cir. 1990). An agency relationship requires the existence of three elements: (1) the principal must manifest a desire for the agent to act on the principal's behalf; (2) the agent must consent to act on the principal's behalf; and (3) the principal must have the right to exercise control over the

agent with respect to matters entrusted to the agent. *Transamerica Leasing*, 200 F.3d at 849. The plaintiff has "the burden of asserting facts sufficient to withstand a motion to dismiss regarding the agency relationship." *Foremost–McKesson, Inc.*, 905 F.2d at 447. Although Kaiser offers some tenuous circumstantial evidence of control—noting the two entities share a board—Kaiser has failed to present any credible evidence that would support a plausible inference of the Bank's manifest desire to enter into an agency relationship with the IFC or that the IFC consented to act as the Bank's agent. Because we find no agency relationship is established by Kaiser's allegations and that we thus lack subject-matter jurisdiction, we do not reach the purely statutory ground adopted by the district court and we leave for another day the question whether agency, when adequately alleged, supports the limited jurisdiction conferred upon the district court by the IOIA.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.