## STATE OF ALABAMA v. MONTEVALLO MINING CO. REESE v. SAME.

### In re MONTEVALLO MINING CO.

(District Court, M. D. Alabama, N. D. March 4, 1922.)

1. **Bankruptcy ⊙⇒47—State and injured convict could not oppose adjudication of bankruptcy under voluntary petition.**

   Neither a state, contracting with a corporation, nor a convict, which had pending a suit against the corporation for personal injuries, could successfully oppose an adjudication of bankruptcy under a voluntary petition, no matter what the motive for filing the petition, as the state could file its claim for damages against the estate, and the claim of the convict was not affected thereby.

2. **Bankruptcy ⊙⇒132—Trustee only removed for cause arising subsequent to appointment.**

   There is no power in the court to remove a trustee in bankruptcy, except for cause arising subsequent to his appointment.

In Bankruptcy. In the matter of the bankruptcy of the Montevallo Mining Company. Petitions by the State of Alabama and by Stafford Reese to annul adjudication of bankruptcy under a voluntary petition. Petitions denied.

Harwell G. Davis, Atty. Gen., of Alabama, Marion Rushton, Asst. Atty. Gen., of Alabama, and J. J. Mayfield, of Montgomery, Ala., for petitioners.

W. H. Sadler, Jr., and E. H. Cabaniss, both of Birmingham, Ala., and Ben P. Crum, of Montgomery, Ala., for bankrupt.

CLAYTON, District Judge. The Montevallo Mining Company, a corporation, having been adjudged a bankrupt in a voluntary proceeding, a receiver was appointed by the referee, and afterwards the creditors elected a trustee, who has qualified. The state of Alabama now petitions the court to vacate the order of adjudication and to dismiss the original petition of the bankrupt.

This petition of the state alleges that by virtue of a contract between the state and the mining company the state convicts were let to the

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

company, and that thereby the company has become indebted to the state in a large sum, past due and unpaid; that the contract has a considerable period to run, and that, should it be fully performed, the state will become entitled to a further large sum, estimated at about $250,000. The petition of the state also avers that the company, called the bankrupt, is solvent; that its assets are of a value largely in excess of its liabilities. Furthermore the petition charges that the bankrupt committed a fraud, in that its voluntary petition was not filed in good faith, or for the bona fide purpose on the part of the bankrupt to deliver up its property and thereby be relieved of its debts; but that, on the contrary, the purpose in filing the petition and procuring the election of the trustee was a fraudulent scheme to avoid the liability to the state under contract for the hire of convicts. Certain facts are stated tending to show the friendly personal and business relations existing between the bankrupt, the trustee and the attorneys of the bankrupt and the attorneys of the trustee.

[1] In the view now taken of the allegations of the petition further detailed statement is not deemed necessary. The prayer of the state's petition is, as it has been stated, that the order of adjudication be annulled and the voluntary petition of the bankrupt be dismissed, or, in the alternative, that a receiver be appointed.

Stafford Reese, a state convict, who is plaintiff in a pending suit against the Montevallo Company, the bankrupt, for damages on account of alleged personal injuries, has also brought his petition of similar import to that of the state.

The bankrupt, the trustee, and the other parties or defendants named in the petition, have appeared, and now move the dismissal of the petition upon the grounds set out in the motion. Both petitions have been heard and considered together, but separate order will be entered in each.

I have listened with great interest to the arguments of counsel and have given the matter thoughtful consideration. Whatever my inclinations may be to approve the commendable efforts of the faithful and courageous Governor of the state to protect the public welfare committed to his keeping, I must be guided by the law applicable to the case under consideration.

The Montevallo Company had the undoubted right under the Bankruptcy Law to file its petition in bankruptcy and to be adjudged a bankrupt, whether solvent or insolvent, and whether its purpose was pure or impure, fraudulent or honest. The motive with which a lawful act is done is of no controlling importance, for it is fundamentally sound to say that a lawful act cannot be rendered unlawful, although prompted by an unworthy motive. Numerous authorities sustain this proposition. In this case, if the bankrupt, however solvent, or however impure its motive may have been, or whatever may have been the actuating purpose, saw fit to surrender its assets into the custody and jurisdiction of the court for the benefit of its creditors, the creditors as a matter of law have no cause for complaint.

Unquestionably the Montevallo Company could have made a general assignment, and if it had done so this would have constituted an

act of bankruptcy, and if such event had happened it is hardly doubtful that this matter would have come into the bankruptcy court by that route; and it may be said that no court has the power to compel the Montevallo Company to do business, for it had the incontestable right to quit. That is what it has done, and this court cannot compel it to continue to function, in order to avert some possible hardship to the state or to Reese.

All questions relating to the subjection of its assets to the payment of its debts, to carry out the object and purpose of the law, are matters relating to the administration of the estate and will be dealt with properly and in an adequate way when they arise in the management of the estate. The court has power to supervise such matters, and is always watchful to see to it that the estate of the bankrupt is honestly, economically, and with decent and convenient speed administered.

Moreover, the state has the indisputable right to have its claim for indebtedness and damages ascertained, and to file the same against the estate, and to have payment made as in the case of any other creditor with a provable claim; and as to the petitioner Reese, if his claim is not provable in bankruptcy, it will hardly be contended that it can be discharged or in any wise interfered with by the bankruptcy proceedings. If his claim be established in the way afforded by the law, and the estate of the Montevallo Company is abundantly solvent, as the petitioner asserts, then he can be paid.

[2] In reference to the alternative prayer of the petitioner for the appointment of a receiver, perhaps it is sufficient to say that a trustee has been elected by the creditors as provided by law, at a meeting duly called and in a manner free from any legal objection. If I could deal with it as an original proposition, I might not have entertained the same views as the creditors did in the election of the trustee; but there is now no power in the court to remove him, except for cause subsequently arising. Such cause has not yet arisen, and in the event of such a cause hereafter arising this detail can and will be cared for in the interest of the creditors.

It follows, from what has been said, that each of the petitions must be denied, and separate order will be accordingly entered in respect to each of them.