[L. A. No. 14375. In Bank.—October 16, 1935.]

W. W. HINDMAN, Plaintiff and Respondent, v. OWL DRUG COMPANY (a Corporation) et al., Defendants and Respondents; J. C. CORK et al., Interveners and Appellants.

John C. Mead and Keyes & Erskine for Appellants.

Penaat & Penaat, Joseph E. Bien, Werner Olds, William M. Maxfield, Bertram H. Ross and James P. Sweeney, as *Amici . Curiae* on Behalf of Appellants.

Chickering & Gregory, Donald Y. Lamont, Gibson, Dunn & Crutcher, Norman S. Sterry, Christopher M. Bradley, E. Eugene Davis and Will J. Thayer for Respondents.

WASTE, C. J.—Appeal from an order striking from the files the complaint in intervention. The interveners appeal. On the first submission of the cause, a decision was handed down and judgment entered dismissing the appeal. On petition for a rehearing, the court granted a motion of interveners to defer action upon the motion to dismiss during the pendency of certain proceedings in the bankruptcy court instituted to vacate the adjudication of bankruptcy, upon which bankruptcy the motion to dismiss is, in part, based, and until the proceeding to vacate the bankruptcy was finally determined. That determination has now been had (*McDonough* v. *Owl Drug Co.*, 75 Fed. (2d) 45), *certiorari* to the United

States Supreme Court denied (295 U. S. 750 [55 Sup. Ct. 829, 79 L. Ed. 1694]), and in no way adversely affects but confirms the view we adopted in our opinion.

We therefore adopt and republish the former decision (*Hindman* v. *Owl Drug Co.*, 88 Cal. Dec. 3 [33 Pac. (2d) 1023]):

"Plaintiff, a stockholder in The Owl Drug Company, instituted this action in a representative capacity to recover damages alleged to have been sustained by the Drug Company because of alleged wrongful acts of the other defendants. An agreement was reached for the exchange of stock in another corporation for the outstanding preferred stock of The Owl Drug Company, and the cancellation of an indebtedness of the Drug Company to the United Drug Company of $500,000, in full settlement of the alleged wrongful acts. The agreement of settlement was reported to and confirmed by the court, and judgment was entered according to its terms. The judgment was satisfied and has become final. During the progress of the litigation other stockholders of The Owl Drug Company obtained an *ex parte* order from the court permitting them to file a complaint in intervention, in which it was alleged that the settlement agreement was unfair to the Drug Company. The court granted them the right to intervene and be heard in the proceeding then occupying its attention,— that relating to the fairness of the settlement agreement—but refused them the right to intervene in the cause at large until it had passed upon the proposed settlement. The interveners refused the offer, and declined to join in the inquiry relating to the settlement agreement. The trial court thereupon struck the complaint from the files, and the would-be interveners appeal from the order 'dismissing their complaint in intervention from the files . . . and denying the right to intervene in said action'.

"Certain of the respondents now move to dismiss the appeal of appellants J. C. Cork and Orrery, Anais Hale, and Ira Abraham, upon the ground that the interveners no longer have any right to prosecute the action for and on behalf of The Owl Drug Company. This contention, which presents the only question raised by the appeal, rests upon two grounds: (1) That since the appeal was taken, The Owl Drug Company was duly adjudged a bankrupt, and under and pursuant to an order of the bankruptcy court all its assets, includ-

ing all choses in action belonging to it, were sold by the trustee in bankruptcy, and therefore the interveners no longer have any right to prosecute the action on behalf of the Drug Company. (2) That the judgment, made and entered in the lower court, from which no appeal was taken, was fully satisfied and has become final, and constitutes a bar to further prosecution of the action, even if the right to maintain the same had not been sold at the bankruptcy sale.

''The exhibits supporting the motion conclusively establish the facts. In neither affidavits nor in their briefs do appellants challenge the basic facts upon which the grounds of the motion rest. While conceding the bankruptcy and sale of the assets of The Owl Drug Company, they seek to attack such proceedings in this action and on the appeal on the ground alleged, that the bankruptcy was fraudulent because it was adjudicated upon the voluntary petition of The Owl Drug Company, and that the motive of the company in filing the petition was to destroy any right of the appellants to proceed with this appeal; that therefore the sale of the assets of the bankrupt, though confirmed by the court, is voidable and open to attack, and that the question of their right to intervene is not moot, and that if it should be here determined that the superior court erred in striking out their complaint in intervention, they may yet attack the adjudication in bankruptcy and the sale of the assets as void.

''We cannot agree with appellants' argument. ■ Concerning the nature of the attack appellants seek to make on the bankruptcy proceedings through the continuance of the appeal, this court recently held an assault of that kind to be collateral in character and not to be considered unless the asserted invalidity or want of jurisdiction is apparent upon an examination of the record in the insolvency proceeding. 'Moreover,' says the opinion, 'upon collateral attack all presumptions will be indulged in favor of the validity of the bankruptcy proceeding and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it.' (*Miller* v. *McKenzie*, 217 Cal. 389, 392 [19 Pac. (2d) 1].) ■ The United States District Court in Nevada had jurisdiction of the voluntary petition in bankruptcy filed by The Owl Drug Company. The adjudication and the subsequent proceedings appear to be correct in form. We do not understand that appellants challenge the

regularity of the proceedings. They can, therefore, be impeached only by a direct proceeding in a competent court. (*Chapman* v. *Brewer*, 114 U. S. 158, 169 [5 Sup. Ct. 799, 29 L. Ed. 83]; *Miller* v. *McKenzie, supra; Larkin-Green Logging Co.* v. *Sabin*, (C. C. A. 9) 222 Fed. 814.)

"It is equally well settled that the reasons or motives which may actuate the filing of a petition in bankruptcy are immaterial, do not affect the adjudication, if it be proved by competent evidence that the bankrupt is insolvent, and cannot be considered upon a collateral attack. (*In re Automatic Typewriter & Service Co.*, 271 Fed. 1, 4; *State of Alabama* v. *Montevallo Mining Co.*, 278 Fed. 989, 990.)

"It is urged by the appellants that the sale of the assets of The Owl Drug Company was made by the trustee in bankruptcy to the Union Holding Company, alleged to be a subsidiary corporation of the United Drug Company, one of the defendants below, and one of the moving parties here. Assuming there was, or is, some intimate connection between The Owl Drug Company and the purchaser at the trustee's sale, we fail to appreciate what bearing such fact can have on appellants' situation. (*In re Witherbee*, 202 Fed. 896, 900.) The sale, open to the whole world, was made by the trustee and confirmed by the bankruptcy court. Anyone could have purchased who was willing to bid more for the assets of the Drug Company than was bid by the Union Holding Company. A trustee's sale is not invalid even though the bankrupt becomes the purchaser. (*In re National Mining Exploration Co.*, 193 Fed. 232, 237.)

"We are of the view that the bankruptcy of The Owl Drug Company and the sale by the trustee of all the bankrupt's assets, including choses in action, transferred the right to further prosecute this action to the purchaser at the sale, the Union Holding Company, and divested the appellants, or any other person, of the right to carry on the litigation on behalf of The Owl Drug Company. Hindman, the plaintiff, in prosecuting the action, acted only in a representative capacity. (*Whitten* v. *Dabney*, 171 Cal. 621, 630 [154 Pac. 312].) The action was to recover for the corporation, of which he was a stockholder, damages for the alleged wrongful acts of others.

Appellants contend that they should be permitted to intervene, to join with plaintiff Hindman, in order to carry on this representative action on behalf of the Drug Company.

But, if it were possible (which it is not) for this court to reverse the order denying appellants the right to intervene at large in the action and striking the complaint in intervention from the files, appellants could not carry on in a representative action brought solely for the benefit of The Owl Drug Company. Neither the Drug Company nor the appellants can carry the litigation any further. The judgment in the company's favor has been fully satisfied, and has become final. ■ Where the judgment in a cause, rendered in the trial court, has become final, an appeal from an order denying intervention in such cause will be dismissed, as a reversal of such order would be of no avail. The appeal presents only a moot case. (*Mitchell* v. *Madden*, 130 Cal. xviii [62 Pac. 483].)

"We deem further discussion of the arguments advanced unnecessary. Appellants' rights, if any they had, to prosecute the litigation for, or on behalf of, The Owl Drug Company, have ceased. The question presented by the appeal has become moot."

The motion to dismiss the appeal is therefore granted.

Shenk, J., Seawell, J., Thompson, J., Curtis, J., and Langdon, J., concurred.