Filed 7/8/21  San Felipe Farms v. LLY Ranch CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAN FELIPE FARMS L.P., et al., | |
| Plaintiffs and Respondents, | G060126 |
| v. | (Super. Ct. No. CU1600155) |
| LLY RANCH et al., | O P I N I O N |
| Defendants; | |
| EL RANCHO SAN BENITO LLC, | |
| Movant and Appellant. | |

Appeal from an order of the Superior Court of San Benito County, Harry J. Tobias, Judge.  Affirmed.  Request for judicial notice granted in part and denied in part.

DLA Piper and Mark E. McKeen for Movant and Appellant.

Rossi, Hamerslough, Reischl & Chuck and Samuel A. Chuck for Plaintiff and Respondent San Felipe Farms L.P.

Hopkins & Carley, Perry J. Woodward, Allonn E. Levy, and Ryan D. Cunningham for Plaintiff and Respondent Dobler & Sons, LLC

El Rancho San Benito LLC (ERSB) appeals from an order denying its application to intervene in a lawsuit between the owners of certain real properties (defendants) and the lessees of those properties (plaintiffs). ERSB claims it had the right to intervene because it was the buyer of the properties under certain purchase contracts. Plaintiffs argue ERSB had no right to intervene and contend ERSB's appeal is procedurally improper and moot. We reject plaintiffs' procedural arguments, but conclude ERSB had no right to mandatory intervention and the trial court did not abuse its discretion in denying permissive intervention. Consequently, we affirm the order.

## FACTS

This litigation involves control over two parcels of land in San Benito County, one called the "Shore Road Ranch," and the other called the "Yang Ranch." Together, the two parcels of real property (properties) constitute just over 500 acres of farmland. In 2006, plaintiff San Felipe Farms L.P. (San Felipe) leased the properties from defendants. The leases included various options for San Felipe to extend the lease terms, and as to the Shore Road Ranch, included a right of first refusal in the event of a sale.

In 2016, defendants agreed to sell the properties to First American Trust Company (First American), which was acting as trustee on behalf of a then-undisclosed buyer. San Felipe learned of the impending sale and filed suit against defendants asserting causes of action for quiet title and declaratory relief based upon its rights under the leases. Shortly after San Felipe filed suit, it assigned its rights as lessee under the Shore Road Ranch lease to plaintiff Dobler & Sons (Dobler), which then substituted into the lawsuit as a coplaintiff.

A subset of the defendants brought First American into the lawsuit as a necessary party to their cross-complaint against another defendant for indemnity, but later

2

dismissed First American.  Trial (by judicial reference) was set for August 2018, but before it could begin, ERSB made its first appearance in the action by filing an ex parte application for leave to intervene.

ERSB revealed it was the previously-undisclosed buyer of the properties, and had been working through First American to acquire them since 2001.  ERSB argued it had the right to intervene by virtue of its beneficial interest in the properties through First American, and contended the absence of First American from the lawsuit left no one to represent its interests as buyer.  Plaintiffs opposed intervention, citing ERSB's lack of timeliness, lack of standing, and lack of a sufficient interest in the litigation to justify intervention.

At a hearing on June 14, 2018, the trial court denied the request to intervene.  The trial court concluded ERSB lacked a sufficient interest in the lawsuit because it was only a beneficiary of the land trust of which First American was trustee.

In response, First American assigned its rights as buyer under the purchase contracts to ERSB, which then filed a renewed ex parte application to intervene on June 21, 2018.  Plaintiffs again opposed intervention.  Plaintiffs raised similar arguments to those raised in response to the initial request for leave to intervene, as well as contending ERSB's application was barred as a repetitive motion under Code of Civil Procedure section 1008.[1]

This time, the cross-complaining defendants also opposed intervention and argued ERSB faced a simple choice:  consummate the purchase of the properties and become a real party in interest, such that intervention would be possible, or decline to do so, releasing defendants from the obligation to sell under the contracts, and ending their involvement with the lawsuit and the properties.

_____

[1]  All statutory references are to the Code of Civil Procedure unless otherwise stated.

3

At a hearing on July 10, 2018, the trial court again denied ERSB's request to intervene. The trial court declined to reach the procedural issues and instead concluded ERSB lacked a sufficiently direct interest in the dispute for mandatory intervention and declined to permit discretionary intervention. ERSB appealed from the order denying the second application to intervene.

**DISCUSSION**

ERSB contends the trial court erred by denying its second application to intervene. Plaintiffs argue the trial court did not err on the merits, but also raise several procedural arguments: mootness, timeliness/appealability, and application of section 1008. These procedural arguments raise jurisdictional questions, and we therefore address them first.

*1. Mootness*

After ERSB appealed from the order denying its second request to intervene, the case was tried and proceeded to judgment, largely in plaintiffs' favor.[2] Plaintiffs contend this judgment, entered in November of 2018, and from which no appeal was taken by any party, renders ERSB's appeal moot.

In support of this argument, Dobler cites *Hindman v. Owl Drug Co.* (1935) 4 Cal.2d 451 (*Hindman*). In *Hindman*, a shareholder of a company brought an action on behalf of the company against certain defendants. (*Id.* at p. 453.) The case settled, resulting in entry of a judgment, which the defendants satisfied. (*Ibid.*) Other shareholders of the company sought to intervene in the case (presumably as coplaintiffs), but their request to intervene was denied. (*Ibid.*) The Supreme Court then dismissed their appeal from the denial of their request to intervene, holding "Where the judgment in a cause, rendered in the trial court, has become final, an appeal from an order denying

_____

[2] We grant Dobler's unopposed request for judicial notice of the judgment, but deny as unnecessary Dobler's request for judicial notice of an updated register of actions reflecting entry of the judgment.

4

intervention in such cause will be dismissed, as a reversal of such order would be of no avail. The appeal presents only a moot case." (*Id.* at p. 456.)

ERSB attempts to distinguish *Hindman* on the grounds that *Hindman* involved an attempt to intervene as a plaintiff instead of a defendant and *Hindman* included other discussion surrounding related bankruptcy proceedings. We find neither distinction persuasive. But we nonetheless decline to apply *Hindman* to the present case. As ERSB notes, the intervention statute (§ 387) was amended in 1977 to permit intervention "[u]pon timely application," rather than "[a]t any time before trial," and our Supreme Court has concluded this amendment means intervention is permitted at any time, including after entry of judgment. (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 267.) It follows that an appeal from denial of a motion for leave to intervene can also proceed even if judgment is subsequently entered. We caution, however, that in reaching this conclusion, we make no holding regarding the range of actions or remedies available to a party newly intervening after judgment.

Plaintiffs also argue ERSB failed to protect its interests by seeking a stay of proceedings, either in the trial court or the Court of Appeal, or by seeking a writ of supersedeas, or by an appeal of the judgment. *Linder v. Vogue Investments, Inc.* (1966) 239 Cal.App.2d 338, cited by ERSB, also suggests another avenue ERSB might have taken to protect its interests: a motion to vacate the judgment, and an appeal from denial of such motion. Nonetheless, while taking such steps might have been a more prudent course of action, we decline to hold they were necessary to preserve ERSB's right of appeal with respect to the denial of its request to intervene, or that their absence rendered ERSB's appeal moot.

2. *Timeliness or Appealability*

Dobler next argues ERSB's appeal is "moot" because ERSB failed to appeal from the order denying its first application for leave to intervene. As Dobler acknowledges, this argument is really about appealability and timeliness, and we apply

5

those concepts here, rather than the related but distinct concept of mootness. Specifically, Dobler contends the order denying ERSB's first application to intervene is now "final," such that ERSB is forever barred from intervention and both we and the trial court are without power or jurisdiction to allow intervention.

Dobler argues the situation is analogous to a denial of class certification, which is a directly appealable order, like a denial of a motion to intervene. A renewed motion for class certification will not be heard after an order denying class certification becomes final (i.e., when the time for appeal elapses) because the denial of class certification effectively disposes of the class action, leaving only the claims of individuals. (*Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 817.) Dobler argues the same analysis applies to intervention: ERSB could only appeal from the first order, and by only appealing from the second order, ERSB missed its chance.

We need not decide whether Dobler is correct to apply this line of reasoning to intervention. Even if Dobler is right, we nonetheless are permitted to construe an otherwise timely notice of appeal from a nonappealable order as being taken from the related appealable order, so long as the substance of the appeal is clear and no party is misled or prejudiced thereby. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; *Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 14, fn. 1.) We exercise our discretion to do so here, leaving the only remaining question whether ERSB's appeal is timely.

As Dobler notes, the record does not contain a notice of entry of the order denying the first request to intervene. Therefore, the relevant deadline is provided by California Rules of Court, rule 8.104(a)(1)(C): 180 days after entry of the order. The order was entered June 21, 2018 and ERSB's notice of appeal was filed October 16, 2018, within 180 days.

6

*3. Code of Civil Procedure section 1008*

Plaintiffs argue ERSB's second application for leave to intervene was an impermissible motion for reconsideration under section 1008. ERSB argues section 1008 does not apply to its efforts, as section 1008 applies only to a "party," and ERSB is not yet a "party," having not been granted leave to intervene. Again, we need not decide the novel issue proposed by ERSB, as we conclude ERSB's second application to intervene complied with the requirements of section 1008.

Section 1008 requires a party whose application for an order is denied to present "new or different facts, circumstances, or law," via an affidavit also containing the facts of the prior application, in order to permissibly request reconsideration of the previous decision. Here, ERSB included with its second application a declaration describing the changed facts (namely, the assignment of rights under the purchase contracts from First American to ERSB), as well as a request for judicial notice containing the first application and a transcript of the hearing at which the trial court denied the first application. These were sufficient to satisfy the procedural requirements imposed by section 1008, and to allow the trial court to reach the merits.

*4. Filing of a Proposed Answer*

A party seeking leave to intervene must include a proposed complaint in intervention or answer in intervention with its application. (§ 387, subd. (c).) Dobler contends ERSB failed to file a proposed answer along with its second application to intervene. In response, ERSB filed a motion to augment the record with the proposed answer, which we granted over Dobler's opposition. With the proposed answer now part of the record, we reject Dobler's argument on this point.

We are troubled Dobler's brief contains factual assertions not only that the record does not contain the proposed answer, but that "ERSB did not attach any such answer," and "ERSB . . . did not provide the Court with any answer in intervention." It is, of course, wholly permissible to assert and rely upon the failure of an appellant to

7

supply a sufficient record, but it is another thing entirely to knowingly make an incorrect factual assertion about what happened in the trial court.

We note the attorney who signed the brief, although from the same firm, is not the same attorney who appeared at the hearing. We therefore give counsel the benefit of the doubt and presume an error was made. Nevertheless, we remind counsel of the importance of the duty of candor toward the tribunal imposed by rule 3.3 of the Rules of Professional Conduct.

5. *Mandatory Intervention*

On the merits, ERSB contends it made a sufficient showing to trigger mandatory intervention under section 387. The standard of review on this point is unsettled—either the abuse of discretion standard or the de novo standard applies. (*Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1425.) We need not resolve this question, as we conclude denial of the request to intervene was proper under either standard.

The right to mandatory intervention under section 387 is triggered by a timely showing that the proposed intervenor has (1) an unconditional right to intervene granted by law; or (2) "an interest relating to the property or transaction that is the subject of the action [when] that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties." (§ 387, subd. (d)(1)(B).)

The most closely analogous case cited by the parties is *Allen v. California Water & Tel. Co.* (1947) 31 Cal.2d 104 (*Allen*). In *Allen,* the city of Coronado sought to intervene in an action over certain water rights. (*Id.* at pp. 106-107.) The city had a contract with the defendant to supply water and contended the defendant's success in the action (& its effect on the defendant's riparian rights) would impact the city's ability to obtain water. (*Ibid.*) The trial court concluded intervention was improper, and the

8

Supreme Court affirmed. (*Id.* at p. 109.) The Supreme Court concluded Coronado's interest in the litigation was consequential rather than direct. (*Ibid.*) Coronado had "no greater right in the waters than [had] defendant itself." (*Ibid.*)

Our decision in *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540 (*Hodge*) provides a useful contrast to the *Allen* case. In *Hodge*, the plaintiffs were homeowners who sued the former owner of the house and the builders for construction defect which allegedly resulted in water and mold damage. (*Id.* at p. 546.) The plaintiffs also submitted a claim for the same damage to their homeowners insurer, who paid part of the claim and denied the rest. (*Ibid.*) The plaintiffs then sued the insurer in a separate action for bad faith. (*Ibid.*) The insurer tried and failed to consolidate the bad faith action with the construction defect action, then sought to intervene in the construction defect action as the plaintiffs' subrogee (having paid part of the plaintiffs' claim). (*Ibid.*) The trial court denied the insurer's motion to intervene, but we reversed, concluding the insurer had a right to mandatory intervention based on their "direct pecuniary interest in the [construction defect] action" as the plaintiffs' subrogee. (*Id.* at pp. 547, 550.)

The key distinction between *Allen* and *Hodge* is the nature of the right sought to be vindicated by intervention. If it is a present, direct right of ownership in the subject of the litigation (as in *Hodge*—a subrogating insurer "succeeds to its insured's rights"), mandatory intervention follows. (*Hodge, supra*, 130 Cal.App.4th at p. 548.) If it is instead a mere contract right to purchase the subject of the litigation in the future (as in *Allen*), there is no right to mandatory intervention.

ERSB claims its interest in the subject matter of the litigation flows from its contract rights as buyer under the purchase agreements. But there is a difference between rights flowing from a contract to purchase and a recorded, existing property interest. The litigation between plaintiffs and defendants in this case was over whether plaintiffs had valid leases for the properties, and in the case of the Shore Road Ranch, whether

9

plaintiffs had a valid right of first refusal in the event of a sale. ERSB is not a party to the leases and does not hold title to the property (such that its property rights would be impaired by the validity of the leases or the right of first refusal). As such, like the city of Coronado in *Allen* and unlike the insurer in *Hodge*, ERSB has only an indirect or consequential interest in the outcome of the litigation (in that the litigation may or may not have some impact on defendants' ability to perform on their contract with ERSB).

Moreover, again just as in *Allen*, whatever interest ERSB does have in the litigation is entirely derivative of defendants' interest. ERSB's contracts to purchase the properties are with defendants, and ERSB can only acquire from defendants such property as defendants validly possess. If defendants misrepresented the nature of their interest in the properties or lack the ability to perform their obligations under the contracts,[3] those are matters solely between ERSB and defendants, not involving plaintiffs, for other litigation on another day. As for the present action, defendants' interests and ERSB's are entirely aligned. Defendants sought to vindicate their rights of ownership over the properties, free from the encumbrance of the leases and right of first refusal, such that they could convey clean title to ERSB.

ERSB argues it discovered defendants "may be reluctant" to perform under the purchase contracts, and this reluctance demonstrates a lack of adequate representation. But even this contention demonstrates the problems with ERSB's position. The purchase contracts are not the subject of this litigation—the leases are. And as to the leases, ERSB has no direct interest, and its only consequential interest is entirely derivative of defendants' interest.

ERSB also argues its rights under the purchase contracts are treated with greater significance because the contracts involve the purchase of real property. It is true, as ERSB notes, that the breach of a contract to purchase real property often (but not

---

[3] We take no position on these issues, and note defendants' counsel contested these points vigorously at the hearing on the second request to intervene.

10

always) "cannot be adequately relieved by pecuniary compensation," and that specific performance is sometimes an available remedy. (Civil Code § 3387; *Real Estate Analytics, LLC v. Vallas* (2008) 160 Cal.App.4th 463, 472-473.) But defendants cannot convey the properties free and clear of the leases if they do not own the properties free and clear of the leases, and nothing in ERSB's purchase agreements has any impact on the validity of the leases, and the rights granted thereby, which are the only subjects of this litigation. We agree with the trial court; ERSB had no right to mandatory intervention.

### 6. *Permissive Intervention*

ERSB also argues it is entitled to permissive intervention under section 387. Permissive intervention is appropriate when "'(1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action.'" (*Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1428.) The standard of review is abuse of discretion. (*Ibid.*)

The trial court found ERSB's interest insufficiently direct to justify intervention. As set forth above, we agree—ERSB's interest in this litigation is consequential, rather than direct, and is entirely derivative of defendants' interest. The short time remaining before trial also weighed in favor of denial of intervention. ERSB's arguments to the contrary are insufficient to overcome the deferential abuse of discretion standard.

11

## DISPOSITION

The order is affirmed.

Plaintiffs shall recover their costs on this appeal.


                                    THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.