Filed 9/14/22  Porras v. Chipotle Services CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JERAE PORRAS et al.,<br><br>  Plaintiffs and Respondents,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC et al.,<br><br>  Defendants and Respondents;<br><br>JOSE DELGADO,<br><br>  Movant and Appellant. | F081113 & F081670<br><br>(Super. Ct. No. CV-19-000937)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

It is ordered that the opinion filed herein on August 18, 2022, be modified as follows:

On page 18, immediately before the DISPOSITION insert part III. as follows:

III.    PETITION FOR REHEARING

Delgado contends the opinion misstates material facts because it likely misconstrued the trial court's rationale.  His petition for rehearing fails to cite any authority for how a trial court's decision is interpreted on appeal.  Applicable principles of appellate procedure state that a trial court's judgment or order is presumed correct and, thus, all intendments and presumption are indulged to support the judgment or order on matters as to which the record is silent.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  We applied these principles to identify the trial court's

implied determinations. Thus, we reject Delgado's contention that the trial court's decision was misinterpreted.

Delgado contends the opinion's analysis of standing under section 663 contains legal error because it addresses his *personal* stake in the action rather than *his* interest as a representative of the State deputized by the LWDA. In effect, Delgado contends his interest is immediate, substantial and pecuniary because the State's interest is immediate, substantial and pecuniary. Assuming for purposes of argument that the focus should not have been on Delgado's personal pecuniary stake in the PAGA penalties, we adopt the alternate rationale that he lacks standing to bring a motion to vacate under section 663 under the bright line rule that nonparty employees, who are plaintiffs in other PAGA lawsuits against the defendant, lack standing to bring a motion to set aside the judgment pursuant to section 663. (*Turrieta*, *supra*, 69 Cal.App.5th at p. 970.)

Delgado contends that even if his motion under section 663 had procedural defects, he may appeal directly from the judgment. Section 902 provides in part: "Any party aggrieved may appeal in the cases prescribed in this title." Delgado asserts that as an aggrieved employee for purposes of PAGA, he also is aggrieved for purposes of section 902. First, being an aggrieved employee under PAGA does not necessarily qualify Delgado as a "party aggrieved" (§ 902) with standing to appeal directly from the judgment. The word "aggrieved" does not mean the same thing in both statutes. Second, we conclude that Delgado lacks standing to appeal directly from the judgment for the same reasons he lacked standing to bring a motion under 663. We note that standing to appeal directly from a judgment also is an issue pending before our Supreme Court. (See *Turrieta*, *supra*, 69 Cal.App.5th at p. 974 [appellants were "not 'aggrieved' for the purposes of standing to move to vacate or appeal from that judgment"].)

Delgado contends the opinion omits a material fact because it does not state he never deposited or cashed the settlement check for $30.91. That fact was relevant to the parties' arguments about mootness of his appeal from the denial of his motion to vacate and his direct appeal from the judgment, but is not relevant to the analysis of the issues addressed in the opinion.

There is no change in the judgment. Appellant's petition for rehearing filed on September 2, 2022, is denied.

FRANSON, J.

WE CONCUR:

POOCHIGIAN, ACTING P. J.

SMITH, J.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JERAE PORRAS et al.,<br><br>　　Plaintiffs and Respondents,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC et al.,<br><br>　　Defendants and Respondents;<br><br>JOSE DELGADO,<br><br>　　Movant and Appellant. | F081113 & F081670<br><br>(Super. Ct. No. CV-19-000937)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Sonny S. Sandhu, Judge.

Niddrie Addams Fuller Singh, John S. Addams, Rupa G. Singh; Hogue & Belong, Jeffrey L. Hogue, Tyler J. Belong; Law Offices of Devon K. Roepcke and Devon K. Roepcke for Movant and Appellant.

Capstone Law, Ryan H. Wu and John E. Stobart for Plaintiff and Respondent JeRae Porras.

Winston Law Group and David S. Wintson for Plaintiff and Respondent Mandi Sanchez.

Harris & Ruble, Alan Harris, David Garrett; North Bay Law Group and David Harris for Plaintiffs and Respondents Jason LeSure, Kadiedra Crawford, and Janie Salguero.

DLA Piper, Levi W. Heath and Steve L. Hernandez for Defendant and Respondent.

-ooOoo-

Jose Delgado appeals the denial of his application to intervene in a Stanislaus County action to recover civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.) against defendant Chipotle Services, LLC, a Colorado limited liability company (Chipotle). Delgado also appeals the denial of his motions to vacate the judgment entered in the Stanislaus County action after the trial court approved a $4.9 million settlement. Delgado is a plaintiff in an Orange County class action that includes a PAGA cause of action against Chipotle. He contends the settlement and judgment are inadequate and will harm him because of the res judicata effect on his representative PAGA claim.

First, we conclude the trial court correctly determined Delgado lacked standing to bring the motions to vacate the judgment. In particular, the record supports the court's determination that appellant failed to demonstrate his asserted interest was sufficiently immediate, pecuniary, and substantial to provide him standing to challenge the judgment. Second, Delgado's appeal from the denial of his application to intervene pursuant to Code of Civil Procedure section 387[1] is rendered moot by our decision to uphold the denial of his motions to vacate.

We therefore affirm the judgment.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL HISTORY

When an aggrieved employee wishes to pursue a PAGA representative lawsuit on behalf of the State of California against his or her employer, the first procedural step is to provide the employer and the Labor and Workforce Development Agency (LWDA) with a notice that complies with Labor Code section 2699.3. The notice must identify the specific Labor Code provisions alleged to have been violated and include the facts and theories to support each alleged violation. (Lab. Code, § 2699.3, subd. (a)(1)(A).) The prefiling notice gives the LWDA an opportunity to investigate the alleged Labor Code violations and issue a citation, if appropriate, and gives the employer an opportunity to cure the violations. (Lab. Code, § 2699.3, subds. (a)(2), (c)(2).) A proper prefiling notice is significant because it is a condition of bringing a PAGA action for civil penalties. (See *Williams v. Superior Court* (2017) 3 Cal.5th 531, 545.) Thus, if a particular violation is not adequately described in the notice, the employee may not pursue it in court or include it in a settlement. (*Uribe v. Crown Building Maintenance Co.* (2021) 70 Cal.App.5th 986, 1005 [notice was deficient in identifying failing to reimburse expenses related to cell phone use; plaintiff could not sue on that ground or include it in the settlement].)

In this case, plaintiff JeRae Porras provided a prefiling notice to the LWDA and Chipotle in December 2018. The adequacy of the notice is not an issue addressed in this opinion and, therefore, we describe it in general terms. It listed many Labor Code violations including failure to pay wages and overtime, provide breaks, reimburse business expenses, and maintain accurate records.

In response to Porras's notice, Chipotle did not give written notice that any of the alleged violations were cured. (Lab. Code, § 2699.3, subd. (c)(2).) The LWDA confirmed receipt of the notice and applicable filing fee, but did not otherwise respond within the 65 days provided by statute. (Lab. Code, § 2699.3, subd. (a)(2)(A).) As a

3.

result, Porras was authorized by statute to commence a PAGA representative action. (Lab. Code, § 2699.3, subd. (a)(2)(A).)

In February 2019, Porras filed this PAGA action in Stanislaus County Superior Court (*Porras* action). Shortly after Porras filed this action, other Chipotle employees filed PAGA actions in Los Angeles and San Bernardino Counties. Jason LeSure, Kadiedra Crawford and Janie Salguero were the named plaintiffs in the Los Angeles lawsuit (*LeSure* action). Mandi Sanchez was the named plaintiff in the San Bernardino lawsuit (*Sanchez* action). As described below, the three PAGA actions were effectively consolidated in February 2020 when a first amended complaint (FAC) was filed in this lawsuit and named Porras, Sanchez, LeSure, Crawford and Salguero as plaintiffs (Plaintiffs).[2] Plaintiffs are former nonexempt employees of Chipotle, who worked in California.

## *The Barber Action*

Another lawsuit against Chipotle that includes a PAGA cause of action began in Orange County in 2016, when Josh Barber, a former employee of Chipotle, filed a class action complaint titled *Josh Barber v. Chipotle Mexican Grill, Inc.*, case No. 20-2016-00864261 (*Barber* action). The complaint alleged Labor Code violations involving wages, breaks, and wage statements, but initially did not include a PAGA claim. In July 2019, the PAGA cause of action and Delgado, a former employee of Chipotle, were first added to the *Barber* action when a fourth amended class action complaint was filed. Chipotle responded to the new allegations and new plaintiff by filing a motion to compel arbitration based on an arbitration agreement Delgado had signed. On September 23, 2019, the trial court in the *Barber* action granted Chipotle's motion to compel arbitration

---

[2] Plaintiffs and Chipotle are respondents in this appeal by Delgado, the prospective intervenor who seeks to undo the settlement. Chipotle joined Plaintiffs' respondents' brief rather than filing a separate brief.

4.

of Delgado's non-PAGA individual claims and stayed further proceedings on the PAGA claim pending completion of the arbitration.[3]

*Mediation*

By April 2019, Chipotle had begun organizing a mediation of the some of the lawsuits asserting Labor Code violations against it. As a result of these efforts, Chipotle agreed to mediation with a plaintiff in a putative class action filed in San Francisco County (*Turley* action), which included a PAGA claim, and Plaintiffs.[4] The attorneys representing Barber and Delgado declined to participate in the mediation.

The mediation went forward on October 1, 2019, and two settlement agreements were reached. The first settlement addressed the putative class claims and the representative PAGA claim in the *Turley* action. The second settlement addressed the PAGA claims in the *Porras* action, the *LeSure* action, and the *Sanchez* action.

*The Settlement Agreement*

In February 2020, Chipotle and Plaintiffs stipulated to the filing of a first amended complaint in the *Porras* action that combined their PAGA representative claims for purposes of implementing the settlement. The trial court approved the stipulation and the first amended complaint was filed on February 14, 2020. That filing effectively consolidated the *Porras* action, the *LeSure* action, and the *Sanchez* action.

---

[3]   Delgado, the last of the former employees to file a PAGA claim, can be described as the least effective representative because, unlike the other plaintiffs, his arbitration agreement prevented him from immediately pursuing the PAGA claim alleged in his pleading.

The scope of the Labor Code violations included in Delgado's prefiling notice under Labor Code section 2699.3 is not described here because, like Porras's notice, issues relating to its contents are not addressed in this opinion.

[4]   At that point, the *Porras* action, *LeSure* action, and *Sanchez* action had yet to be combined under the *Porras* action.

The next step in implementing the settlement agreement was taken on February 26, 2020, when Plaintiffs filed a motion for court approval of the parties' PAGA settlement agreement, along with supporting declarations. The hearing on the motion was scheduled for March 19, 2020.

The PAGA settlement agreement provided that Chipotle would pay $4.9 million to resolve the PAGA claims. Under the agreement, one third of the settlement amount ($1,633,333.33) was allocated to fees for the attorneys representing the plaintiffs. Up to $35,000 was allocated to litigation costs and up to $80,440 was allocated to settlement administration costs. The remaining $3,151,226.67 was characterized as the PAGA penalties fund; $2,363,420 (75 percent) of the fund went to the LWDA and $787,806.67 (25 percent) was apportioned among the 45,083 aggrieved employees based on the number of pay periods the employee worked from September 21, 2017, through the date of the judgment. The average amount of civil penalties paid to an employee was approximately $17.50. Delgado received a check for $30.91.

In exchange for paying $4.9 million, Chipotle received a release of the representative PAGA claims for civil penalties. The agreement defined the term "Settled Claims" very broadly to mean "any and all claims for PAGA civil penalties pursuant to California Labor Code sections 2698 et seq. under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged or could have been alleged to have been violated in the [*Porras* action, *LeSure* action, and *Sanchez* action] with respect to Aggrieved Employees based on or reasonably related to the facts alleged in [those] Actions during the Settlement Period." The settlement period ran from September 21, 2017, until the entry of the judgment. The term "Aggrieved Employees" was defined as all persons employed by Chipotle in nonexempt positions in California during the settlement period. Under Delgado's interpretation of the settlement agreement and related judgment, he is precluded from pursuing his PAGA representative action.

6.

The PAGA settlement agreement addressed non-PAGA individual claims by providing that Plaintiffs would release all individual claims arising out of their employment with Chipotle in exchange for payments of $10,000 each. The agreement also stated that other aggrieved employees "will not be deemed to have released any individual wage and hour claims by virtue of this Settlement." Thus, the settlement and judgment did not affect Delgado's individual claims, which had been sent to arbitration by the *Barber* court.

*Application to Intervene*

On March 9, 2020, Delgado filed an ex parte application to intervene pursuant to section 387. Porras and Chipotle filed opposition papers.

On March 13, 2020, the hearing on Delgado's application to intervene was held, with all counsel appearing by CourtCall. At the end of the hearing, the court announced its ruling from the bench. First, the court concluded Delgado was allowed to make an ex parte application. Second, based on the lengthy discussion of PAGA in the California Supreme Court opinion issued the previous day (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73), the court determined Delgado, as a nonparty employee, had no standing to intervene in a PAGA only claim. Third, the court determined the application to intervene was untimely, based on the facts, declarations and briefs that were submitted, along with state and federal case law.

In April 2020, counsel for Barber and Delgado filed a notice of appeal of the order denying their request to intervene. In May 2020, an amended notice of appeal was filed.[5]

---

[5] On June 22, 2020, Barber filed a request for dismissal of appeal as to himself only. This court granted the request and, as a result, Delgado is the only appellant in this matter.

7.

*Approval of Settlement and Judgment*

On June 19, 2020, the trial court filed an order approving the parties' PAGA settlement agreement. The court also filed a judgment implementing its order approving the settlement.

On June 25, 2020, Delgado filed (1) a motion to vacate the court's order approving the PAGA settlement and the related judgment pursuant to section 663 and (2) a motion to vacate the void judgment pursuant to section 473, subdivision (d).

In August 2020, the trial court issued an order denying Delgado's motions to vacate. The court determined Delgado lacked standing to bring the motion to vacate under section 663 because he failed to demonstrate "that his asserted interest is sufficiently 'immediate, pecuniary, and substantial' to afford him the ability to challenge the judgment in the context of this PAGA action." The court also determined Delgado, a nonparty employee, lacked standing to bring the motion under section 473, subdivision (d).

In September 2020, Delgado timely appealed the approval of the settlement agreement and the denial of his motions to vacate the judgment. This court assigned that appeal case No. F081670. In November 2020, this court ordered case No. F081670 consolidated with this appeal.

## DISCUSSION

I.   STANDING FOR MOTIONS TO VACATE JUDGMENT

    A.   Section 663

        *1.   Statutory Text*

Section 663 authorizes motions to vacate a judgment by providing in relevant part:

> "A judgment or decree … based upon a decision by the court, … may, upon motion of the *party aggrieved*, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, *materially affecting* the *substantial rights* of the party and entitling the party to a different judgment:  [¶]  1. Incorrect or erroneous legal basis

8.

for the decision, not consistent with or not supported by the facts .…" (Italics added.)

The statute's use of the term "party" does not create a barrier for Delgado because one may become a party of record simply by moving to vacate the judgment pursuant to section 663. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 (*Carleson*).) Consequently, our inquiry considers whether Delgado satisfies the statutory terms "aggrieved," "materially affecting" and "substantial rights."

Delgado will qualify as "aggrieved" only if his "rights or interests are injuriously affected by the judgment." (*Carleson*, *supra*, 5 Cal.3d at p. 737.) Those interests " 'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment.' " (*Ibid*.) Accordingly, "[a] party is aggrieved when the judgment or order 'has an immediate, pecuniary, and substantial effect on his interests or rights.' " (*Center for Biological Diversity v. County of San Bernardino* (2010) 185 Cal.App.4th 866, 881.)

### 2. Trial Court's Decision

On August 26, 2020, the trial court held a hearing related to the motions to vacate the judgment. During the hearing, the court stated it had issued a tentative ruling on the two motions and asked counsel to address whether a request for hearing was made in accordance with the requirements of Stanislaus County Superior Court Local Rule 3.01. The court determined notice of the request for hearing had not been provided before the 4:00 p.m. deadline. As a result, the court confirmed its tentative ruling without allowing counsel to present arguments on the merits of the motions.

The minute order issued after the hearing confirmed the trial court's tentative ruling and stated that the court did not proceed with oral argument because counsel did not follow the local rule. The order denied both motions and, with respect to the motion under section 663, stated:

> "The Court finds that the non-party movant lacks standing to bring the instant motion. Specifically, movant has not demonstrated that his asserted interest is sufficiently 'immediate, pecuniary, and substantial' to afford him

9.

the ability to challenge the judgment in the context of this PAGA action. See, e.g. County of Alameda v. Carleson (1971) 5 Cal. 3d 730, 736.)"

We interpret the statement that Delgado did not demonstrate that his asserted interest was immediate, pecuniary, and substantial to mean that, to the extent findings of fact were involved, Delgado, as moving party had the burden of proving facts by a preponderance of the evidence and failed to carry his burden of proof.

### 3. Standard of Review

Delgado contends that the order denying his motions to vacate based on his lack of standing presents a pure legal issue that is subject to de novo review. This contention is incomplete. In *San Luis Rey Racing, Inc. v. California Horse Racing Bd.* (2017) 15 Cal.App.5th 67, the Fourth District addressed the standard of review applicable to the question of standing:

> "Both standing and the interpretation of statutes are questions of law to which we typically apply a de novo standard of review. [Citations.] However, where the superior court makes underlying factual findings relevant to the question of standing, we defer to the superior court and review the findings for substantial evidence." (*Id.* at p. 73.)

The reference to the need for substantial evidence to support factual findings does not complete the picture. When a trial court determines that the party with the burden of proof failed to carry the burden, " 'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' " (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.) " '[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.' " (*Ibid.*) A finding is compelled as a matter of law only if appellant's " 'evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Ibid.*)

10.

We conclude the finding-compelled-as-a-matter of law standard applies to the failure of proof determination made by the trial court in ruling that Delgado lacked standing to pursue his motions to vacate the judgment. We have located no published case applying this standard of review to a failure of proof determination made in ruling on a section 663 motion to vacate a judgment. However, that standard of review has been applied in many other procedural contexts. For instance, the standard has been applied to failure of proof determinations relating to motions to compel arbitration. (E.g., *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1067; *Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978–979.) Also, this court applied the standard in a judicial foreclosure proceeding where the trial court ruled on a petition that was brought under the procedures set forth in section 729.070 and requested a determination of the property's redemption price. (*Wells Fargo Bank, N.A. v. 6354 Figarden General Partnership* (2015) 238 Cal.App.4th 370, 390–391 ["evidence did not compel the trial court to find Wells Fargo realized value from its possession of the vacant land"].) Thus, we conclude the finding-compelled-as-a-matter of law standard also applies in the context of a motion to vacate a judgment when a trial court determines the moving party did not carry its burden of proof with respect to disputed issues of fact.

B.      Split in Authority

As described below, the question of whether a plaintiff in one PAGA action has standing to bring a motion to vacate a judgment entered in another PAGA action has created a split of authority. The California Supreme Court has granted review to consider this and related issues.

On September 30, 2021, the day after Delgado filed his appellant's reply brief, the Second District filed an opinion affirming a trial court's approval of a settlement in a PAGA action and the trial court's subsequent denial of motions by nonparty employees to intervene and to vacate the judgment. (*Turrieta v. Lyft, Inc.* (2021) 69 Cal.App.5th

11.

955, 961–962 (*Turrieta*), review granted Jan. 5, 2022, S271721.)  The nonparty employees argued the settlement was unreasonably low and the plaintiff and Lyft conducted a reverse-auction of the State's claims for civil penalties.  (*Id*. at p. 967.)  The Second District concluded the nonparty employees, who were plaintiffs in other PAGA lawsuits against the defendant, lacked standing to bring a motion to set aside the judgment pursuant to section 663.  (*Turrieta*, *supra*, at p. 970.)  The Second District stated, among other things, that it was "not persuaded that appellants' role as PAGA plaintiffs confers upon them a personal interest in the settlement of another PAGA claim."  (*Id.* at p. 971.)  The rationale for this conclusion is set forth in *Turrieta* and need not be repeated here.  (*Id*. at pp. 971–974.)

Two months later, the First District reached the opposite conclusion, stating that a PAGA representative in one action had standing (1) to move to vacate a judgment following a settlement of another action with overlapping PAGA claims and (2) to appeal that judgment.  (*Moniz v. Adecco USA, Inc*. (2021) 72 Cal.App.5th 56, 72–73 (*Moniz*).)  A petition for review was not filed in *Moniz*.

Approximately five weeks after *Moniz* was filed, our Supreme Court granted review in *Turrieta* to resolve the conflict and determine whether a PAGA representative has the right to intervene, object to, or move to vacate, a judgment in a related action that purports to settle the claims that the PAGA representative had raised.  (See *Turrieta*, *supra*, 69 Cal.App.5th 955, review granted.)  In June 2022, the Supreme Court briefing in *Turrieta* was completed.  Oral argument has yet to be scheduled by the Supreme Court.

The decisions in *Turrieta* and *Moniz* can be read as establishing conflicting bright line rules of law that determine whether a PAGA plaintiff has standing to file a motion to vacate a judgment entered in another PAGA action where the judgment reflects a settlement of overlapping claims for civil penalties.  In particular, *Turrieta* can be read as concluding such a PAGA plaintiff *never* has standing to pursue a motion to vacate.  At

12.

the other end of the spectrum, *Moniz* can be read as concluding such a PAGA plaintiff *always* has standing to pursue such a motion. We adopt a middle ground.

The general test for standing applied to any party pursuing a motion to vacate a judgment pursuant to section 663 is whether that party had rights or interests injuriously affected by the judgment and whether those interests are immediate, pecuniary, and substantial (i.e., not nominal or remote). (*Carleson*, *supra*, 5 Cal.3d at p. 737.) We conclude this test—at least in the context of this particular PAGA action—required the trial court to weigh the facts and circumstances presented and act as the trier of fact in resolving factual issues. We note that one way to resolve a factual issue is to determine the party with the burden of proving that fact failed to carry its burden. (See pt. I.A.3., *ante*.)

C.     Analysis of Delgado's Claim of Error

1.     *Delgado's Contentions*

Delgado contends the trial court erred in finding he lacked standing to bring the motions to vacate the judgment. He argues Plaintiffs and Chipotle have erroneously focused on the fact that PAGA does not give aggrieved employees any property or other substantive rights to recover the civil penalties authorized by PAGA. In Delgado's view, as a deputized PAGA representative, he has as much right as plaintiffs to pursue enforcement on behalf of the State and, thus, there can be no doubt that his role was immediately affected in a pecuniary and substantial way once the trial court approved the settlement, which extinguished *his* PAGA action. Delgado appears to have adopted the view expressed in *Moniz* and, as a result, he has done little to provide a detailed factual analysis of his pecuniary interest in the PAGA claim.

2.     *Identifying Delgado's Immediate Pecuniary Interest*

Here, we consider whether the trial court erred in determining Delgado did not have a substantial pecuniary interest that was affected by the judgment. In analyzing

Delgado's pecuniary interest, we note that approximately $3.15 million of the $4.9 million settlement was apportioned to civil penalties and the remainder went to attorney fees, costs and certain expenses.  Delgado, as one of approximately 45,083 employees, received $30.91 of those civil penalties.  Thus, Delgado's share of the civil penalties equates to one dollar of every $101,948.45 of civil penalties paid by Chipotle.

Delgado refers to two methods Plaintiffs used to estimate the maximum PAGA civil penalties that accrued against Chipotle during the relevant period.  Based on 11 categories of Labor Code violations, Plaintiffs' methods estimated the maximum penalties at $79,210,000 or $115,696,480.  The first method assumed heightened penalties would not be imposed.  The second method assumed the lower penalty would be applied to the initial pay period in which a violation occurred and heightened penalties would be assessed for subsequent violations.[6]

Although Delgado referred to Plaintiffs' estimates, he does not accept their accuracy.  Instead, he offers calculations showing a potential for $450 million in penalties, even if heightened penalties are not collected.  Based on Delgado's assertion that there are 418 Chipotle restaurants in California, the $450 million in civil penalties equates to over $1 million per store.

---

[6]    An example of a heightened penalty is provided by Labor Code section 2699, subdivision (f)(2), which states:  "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  The $200 assessment is the "heightened" penalty for subsequent violations.

A principle affecting the probability of recovering heightened penalties states that "a 'subsequent violation' level applies only to violations after the employer is on notice that its continued conduct is unlawful."  (*Steenhuyse v. UBS Financial Services, Inc.* (N.D.Cal. 2018) 317 F.Supp.3d 1062, 1067–1068, citing *Aramal v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1209, and *Patel v. Nike Retail Services, Inc.* (N.D.Cal. 2014) 58 F.Supp.3d 1032, 1042.)

We identify Delgado's pecuniary interest in the foregoing three estimates of the civil penalties for which Chipotle might be liable by using the ratio under which Delgado receives one dollar out of every $101,948.45 in civil penalties paid by Chipotle. Assuming no reduction for attorney fees, costs or expenses, Delgado would receive the following amounts:  (1) $4,413.99 out of $450,000,000 in civil penalties; (2) $1,134.85 out of $115,696,480 in civil penalties; and (3) $776.96 out of $79,210,000 in civil penalties.

Next, we consider the likelihood that Chipotle would be found liable for civil penalties in these amounts.  In concluding Delgado had not shown a substantial pecuniary interest affected by the settlement and resulting judgment, the trial court impliedly found that it was highly unlikely civil penalties of the magnitude provided by the Porras's and Delgado's estimates would be imposed.  The legal framework supporting this finding includes subdivision (e)(2) of Labor Code section 2699, which provides:

> "In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." growth

An example of a trial court exercising this discretionary authority to reduce the amount of the civil penalties imposed is *Carrington v. Starbucks Corp.* (2018) 30 Cal.App.5th 504.  In the penalty phase of that proceeding, the plaintiff argued penalties of $25 to $75 per violation were appropriate and requested nearly $70 million in total penalties.  (*Id*. at p. 517.)  The trial court found approximately 30,000 violations had occurred and imposed a penalty of only $5 per violation instead of the full penalty of $50 per violation.  (*Ibid*.)  As a result, the penalty totaled $150,000.  The appellate court affirmed the judgment, concluding the trial court acted with the discretionary authority to award lesser penalties in accordance with Labor Code section 2699, subdivision (e)(2).

15.

(*Carrington*, *supra*, at p. 528.) In another case, a trial court's decision to reduce the PAGA penalties assessed by 30 percent was affirmed. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1135–1136, disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8.)

In this case, the person with the best insight into how the discretionary authority to reduce the civil penalties would be exercised is the trial judge who approved the settlement. The judge's discretionary authority to reduce the civil penalties makes it very difficult for this court to conclude the trial court's determination that Delgado had not demonstrated he had a substantial pecuniary interest in the judgment constitutes an abuse of discretion. For instance, even if the trial court determined $20 million was a reasonable estimate of the civil penalties that would be imposed, Delgado's proportionate interest would have been less than $200. The court reasonably could determine that amount was not a substantial pecuniary interest.

Consequently, we conclude the trial court did not err when it determined Delgado has failed to demonstrate that the judgment had an immediate, pecuniary, and substantial adverse effect on his interests or rights. (See *Center for Biological Diversity v. County of San Bernardino*, *supra*, 185 Cal.App.4th at p. 881; § 663.)[7]

### D. Section 473, Subdivision (d)

Delgado also brought a motion to vacate under section 473, subdivision (d). That provision authorizes the trial court to "set aside any void judgment or order." (§ 473, subd. (d).) Trial courts have the discretion to grant or deny a request to set aside a void order, but have no power under section 473, subdivision (d) to set aside an order that is not void. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020

---

[7] Accordingly, we need not address the impact of the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) __ U.S.__ [142 S.Ct. 1906, 213 L.Ed.2d 179], on Delgado's ability to pursue civil penalties under PAGA for violations that occurred to employees other than himself.

16.

(*Pittman*).) Appellate courts conduct a de novo review of a trial court's determination of whether a judgment is void. (*Ibid*.)

When determining if an order is void for purposes of section 473, subdivision (d), courts distinguish between judgments that are void on the face of the record and judgments that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. (*Pittman*, *supra*, 20 Cal.App.4th at p. 1020.) A judgment is void on its face if the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. (*Id*. at p. 1021.) "If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the [judgment] is not void on its face." (*Ibid*.) The requirement that a judgment be void on its face is significant because it affects the procedural mechanism available to attack the judgment, when the judgment may be attacked, and how the party challenging the judgment proves that the judgment is void. (*Id*. at p. 1020.)

First, we conclude Delgado does not have standing to bring a motion to vacate under section 473, subdivision (d) for the same reasons he does not have standing to bring a motion to vacate the judgment under section 663. Second, Delgado has not shown the judgment is void on its face. Third, Delgado has not demonstrated the trial court lacked subject matter jurisdiction or the rule of exclusive concurrent jurisdiction applied. (See *People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 769–770.) Therefore, the trial court did not err in denying the motion to vacate brought under section 473, subdivision (d).

II.     THE APPLICATION TO INTERVENE IS MOOT

An appeal is moot when any decision by the appellate court can have no practical impact or provide the parties effectual relief. (*Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888.) Here, Delgado's appeal from the order

17.

denying his application to intervene has been rendered moot by our decision to uphold the judgment implementing the settlement agreement. "Where the judgment in a cause, rendered in the trial court, has become final, an appeal from an order denying intervention in such cause will be dismissed, as a reversal of such order would be of no avail." (*Hindman v. Owl Drug Co.* (1935) 4 Cal.2d 451, 456.) Here, dismissal is not the appropriate disposition because this appeal also included Delgado's challenge of the order denying his motions to vacate the judgment, which challenge has been resolved on the merits in part I. of this opinion.

Because we have held Delgado's appeal from the denial of his application to intervene is moot, we need not address the other issues relating to that application, which include standing and his timeliness in bringing that application.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal. Respondent Porras's motion to dismiss the appeal, filed November 3, 2020, is denied because this opinion renders the motion moot.

FRANSON, J.

WE CONCUR:

POOCHIGIAN, ACTING P. J.

SMITH, J.

18.